MESSENGER v INGHAM COUNTY PROSECUTOR

Docket No. 200094. Submitted June 9, 1998, at Lansing. Decided November 20, 1998, at 9:35 A.M.

Gregory G. Messenger brought an action in the Ingham Circuit Court against the Ingham County Prosecutor, seeking disclosure pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, of the entire file maintained by the prosecutor concerning the concluded and unsuccessful criminal prosecution of the plaintiff after the defendant refused to disclose certain documents in the file on the ground that they were exempt from disclosure. The court, Lawrence M. Glazer, J., examined the disputed documents in camera after rejecting the plaintiff's discovery request for deposition of an assistant prosecutor who had participated in preparing the criminal case against the plaintiff. The court concluded that documents indicative of the deliberative process in the defendant's office were exempt from disclosure pursuant to the FOIA and ordered the disclosure of the rest of the documents. The court also awarded the plaintiff, as a party prevailing in part, half of his attorney fees. In calculating the award, the court accepted the plaintiff's counsel's itemized figures, except a claim of more than seventy-five billable hours for a motion to adjourn, which claim the court reduced to six hours. The plaintiff appealed with respect to the determination that certain documents were exempt from disclosure and with respect to the award of attorney fees. The defendant cross appealed with respect to the award of attorney fees.

The Court of Appeals *held*:

1. Even though it relied on the wrong FOIA disclosure exemption, the trial court nonetheless did not err in concluding that certain documents were exempt from disclosure pursuant to the FOIA. The trial court relied on the deliberative-process exemption, MCL 15.243(1)(n); MSA 4.1801(13)(1)(n), for its conclusion. The exemption that properly applies in this case is MCL 15.243(1)(i); MSA 4.1801(13)(1)(i), which covers information or records subject to privilege recognized by statute or court rule. The relevant privilege in this case is the attorney work-product privilege, which is recognized by MCR 2.302(B)(3)(a). Under the attorney work-product

privilege, as applied to an FOIA claim through MCL 15.243(1)(i); MSA 4.1801(13)(1)(i), a prosecutor's entire work product prepared in anticipation of litigation is exempt from disclosure.

2. The trial court was not obliged to permit deposition of the assistant prosecutor before deciding whether the disputed documents were exempt from disclosure pursuant to the FOIA. The deposition was sought in conjunction with an effort to show public interest in disclosure, which showing is necessary under the deliberative-process exemption. However, under the attorney work-product privilege that properly applies in this case, an assertion of such public interest cannot overcome the privilege. Furthermore, there are public policy imperatives that militate against requiring prosecutors to submit to oral discovery concerning their work on a particular case.

3. The trial court did not abuse its discretion in awarding attorney fees to the plaintiff when it reduced the claim for fees related to the motion to adjourn. The plaintiff demonstrated no unusual circumstances justifying the claim, and the trial court evidenced no perversity of will or defiance of judgment in disregarding the fanciful claim. The trial court, in accepting the rest of the claimed attorney fees, adequately assessed them by considering the number of documents whose disclosure was achieved, the experience and credentials of the attorneys and others who worked on the plaintiff's case, and the labor and difficulty involved in advancing the plaintiff's claim.

Affirmed.

JANSEN, P.J., dissenting, stated that this case should be decided on the basis of the deliberative-process exemption to disclosure pursuant to the FOIA, not on the basis of attorney work-product privilege, which was not considered by the trial court. The case should be remanded for a determination by the trial court of whether the prosecutor, as required under the deliberative-process exemption, has shown that the public interest in encouraging frank communications between officials and employees of the prosecutor's office outweighs the public interest in disclosure.

1. RECORDS — FREEDOM OF INFORMATION ACT — COUNTY PROSECUTORS — ATTORNEY WORK PRODUCT.

Documents in a file maintained by a county prosecutor concerning a concluded criminal prosecution are exempt from disclosure pursuant to the Freedom of Information Act where the documents were prepared in anticipation of litigation; such documents are subject to the attorney work-product privilege and are exempt from disclosure under subsection 13(1)(i) of the act, which covers information

or records that are subject to privilege recognized by statute or court rule (MCL 15.243 [1] [i]; MSA 4.1801 [13] [1] [i]; MCR 2.302 [B] [3] [a]).

2. RECORDS — FREEDOM OF INFORMATION ACT — ACTIONS — ATTORNEY FEES — APPEAL.

The Court of Appeals reviews for abuse of discretion an award of attorney fees to a plaintiff who prevails in an action under the Freedom of Information Act; an abuse of discretion occurs only where a court's action is so violative of fact and logic as to constitute perversity of will or defiance of judgment (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

3. COURTS — ATTORNEY FEE AWARDS.

A trial court's award of attorney fees must be more searching than simply approving or disapproving the calculation of others; factors that bear on an inquiry include the professional standing and experience of the attorney, the skill, time, and labor reasonably involved, the amount in question and the results achieved, the difficulty of the case, the expenses incurred, and the nature and length of the professional relationship with the client.

*Brookover & Fleischmann, P.C.* (by *George Brookover* and *Diane S. Carr*), for the plaintiff.

*Cohl, Stoker & Toskey, P.C.* (by *John R. McGlinchey* and *Jeffrey M. Kaelin*), for the defendant.

Before: JANSEN, P.J., and MARKEY and O'CONNELL, JJ.

O'CONNELL, J. In this action based on Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, plaintiff challenges the trial court's ruling that certain documents in defendant's custody were privileged against disclosure. Plaintiff further appeals, and defendant cross appeals, from the court's award of attorney fees to plaintiff as a partly prevailing party. We affirm.

I. FACTS AND PROCEDURAL HISTORY

In a much publicized incident in 1994, plaintiff removed his prematurely born son from artificial life support, and the child died shortly thereafter. Defendant prosecuted plaintiff for manslaughter, but the jury returned a verdict of not guilty.[1] Plaintiff subsequently submitted a request under the FOIA for his entire criminal case file. Defendant complied in part, but refused to disclose many documents on the ground that they came under various statutory exemptions to the requirement to disclose. The trial court examined the disputed documents in camera and ordered the release of some, but concluded that many others, identified as "deliberative materials such as notes or drafts of pleadings or evaluations made by members of the prosecutor's staff," were exempt from disclosure.

Plaintiff had scheduled a deposition of an attorney who had personally participated in preparations for the prosecution of plaintiff, but the court reasoned that the additional discovery would not assist in its in camera review of the documents in question and so decided the case without allowing the deposition to take place.

Because plaintiff partially prevailed in obtaining additional disclosure under the FOIA, the trial court decided to award plaintiff half of his reasonable attorney fees. In calculating the award, the court accepted plaintiff's counsel's representation of fees as concerned most of the proceedings below, but reduced a

---

[1] The decision to prosecute was so persistently controversial that it became an issue in the next election for prosecutor, which defendant, the incumbent prosecutor, lost.

claim of more than seventy-five billable hours for a motion to adjourn to six hours.

Plaintiff argues on appeal that the trial court erred in ruling that all documents reflecting defendant's deliberative work product were exempt from disclosure under the FOIA, that the court erred in deciding the case before plaintiff had completed discovery, and that the court improperly adjusted downward plaintiff claim of attorney fees. Defendant argues on cross appeal that the trial court failed to assess independently the plaintiff's reasonable attorney fees attendant to the greater part of this litigation, but instead simply accepted plaintiff's representations in the matter.

## II. THE ATTORNEY WORK-PRODUCT PRIVILEGE

Plaintiff argues that the trial court erred in ruling that certain documents were privileged against disclosure under the FOIA. Whether requested information qualifies for exemption from disclosure under the FOIA is a mixed question of fact and law. On appeal, the trial court's factual determinations are reviewed for clear error, but its legal conclusions are reviewed de novo. *Schroeder v Detroit*, 221 Mich App 364, 366; 561 NW2d 497 (1997).

### A. ORIGINS OF THE DOCTRINE

The privilege from disclosure of attorney work product is most closely associated with the liberal discovery rules that attend to litigation in the state and federal courts in this country. "Under this rule any notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, are protected from discovery." Black's Law

Dictionary (6th ed, 1990), p 1606, citing FR Civ P 26(b)(3). The common-law privilege in this state is the product of various decisions and court rules.

Our Supreme Court recognized the common-law privilege against discovery of attorney work product in *J A Utley Co v Saginaw Circuit Judge*, 372 Mich 367, 373; 126 NW2d 696 (1964), restricting the privilege to information arising from the work of a lawyer in furtherance of the "special and personal" attorney-client relationship that "the common law has always protected."

This Court subsequently developed the doctrine further, taking guidance from federal case law: " '[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.' " *Powers v City of Troy*, 28 Mich App 24, 29; 184 NW2d 340 (1970), quoting *Hickman v Taylor*, 329 US 495, 510; 67 S Ct 385; 91 L Ed 451 (1947). This Court recognized that, under federal and state principles of practice, the balancing of the policy favoring complete discovery and that favoring preserving attorney-client confidences weighed in favor of allowing a party seeking discovery of attorney work product to proceed only upon a showing of substantial need for the materials sought plus inability to obtain the information without undue hardship. *Powers, supra* at 32-33. This Court further recognized that the state and federal discovery rules have evolved to extend the privilege to include work product prepared by the party personally, or by the party's insurer, indemnitor, or agent. *Id.* at 32-34.

## B. THE DISTINCTION BETWEEN FACTUAL AND DELIBERATIVE WORK PRODUCT

The work-product privilege is reflected by MCR 2.302(B)(3)(a). This rule of civil discovery limits access to an opposing party's work product prepared in anticipation of litigation, whether by the party or the party's attorney or other representative, to situations where the party seeking discovery demonstrates both a substantial need for the material plus a lack of other reasonable avenues for obtaining it. Where this need is adequately demonstrated, however, the rule nonetheless unconditionally directs that the court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* This rule is worded not as if to create the privilege for work product, but rather to recognize an existing privilege. Further, the rule's distinction between factual and deliberative work product comports with a tradition of guarding the latter more zealously than the former, as reflected in federal case law:

> To the extent that work product contains relevant, non-privileged facts, the *Hickman* doctrine merely shifts the standard presumption in favor of discovery and requires the party seeking discovery to show "adequate reasons" why the work product should be subject to discovery. However, to the extent that work product reveals the opinions, judgments, and thought processes of counsel, it receives some higher level of protection, and a party seeking discovery must show extraordinary justification. [*In re Sealed Case*, 219 US App DC 195, 211-212; 676 F2d 793 (1982), citing *Hickman, supra* at 512.]

The rule guarding attorney work product from civil discovery applies equally to the prosecutor's work product, whether in conjunction with representing the people of the state in criminal proceedings, as chief legal representatives of their respective counties in all civil and criminal matters, Const 1963, art 7, § 4; MCL 49.153; MSA 5.751, or as the state's agent for effectuation of the obligations of *parens patriae* in matters concerning the custody or welfare of children, MCL 552.45; MSA 25.121, MCL 722.533; MSA 25.373. See *People v Gilmore*, 222 Mich App 442, 453; 564 NW2d 158 (1997).

### C. APPLICABILITY OF THE PRIVILEGE UNDER THE FOIA

Citing various authorities, the court below ruled that the work-product privilege did not apply in the instant case, because the prosecution of plaintiff was concluded and the parties were involved in no actual or contemplated litigation other than the controversy over the FOIA. However, the court concluded that the lack of underlying litigation defeated the work-product exemption only insofar as it concerned factual matters, ruling that "the deliberative materials such as notes or drafts of pleadings or evaluations made by members of the prosecutor's staff are exempt."

The parties both indicate that the court below did not rely on the attorney work-product privilege for its ruling that certain documents were exempt from disclosure under the FOIA, stating that the court instead applied a common-law deliberative-process privilege. However, the court, observing that the parties were engaged in no litigation other than the instant controversy, stated that "it appears to me that . . . work

product exemption does not apply, at least not to the factual materials," but later added, "I feel that it is not clear that the deliberative materials are taken out of the exemption." These statements indicate that the trial court recognized both the work-product privilege and its distinction between factual and deliberative materials, then concluded that under the instant facts defendant's factual work product was subject to disclosure under the FOIA but defendant's deliberative work product remained privileged. We hold that a prosecutor's entire work product is privileged from disclosure under the FOIA.[2]

The FOIA is a mechanism through which the citizenry may examine and review the workings of government and its executive officials. The statute has in common with the state's liberal discovery rules that it came into existence as a manifestation of the trend to disclose information that previously had generally been kept secret. The FOIA embodies this state's strong public policy favoring public access to government information, recognizing the need that citizens be informed as they exercise their role in a democracy, and the need to hold public officials accountable for the manner in which they discharge their duties. MCL 15.231(2); MSA 4.1801(1)(2). However, in recognition that imperatives exist for keeping some information from public disclosure, § 13 of the act, MCL 15.243; MSA 4.1801(13), enumerates several exemptions to the duty to disclose. These exceptions

---

[2] Because defendant did not choose to appeal the trial court's decision to order the release of defendant's factual work product, we do not disturb that aspect of the court's judgment. However, we caution against reading this opinion as stating that only deliberative materials are exempt from disclosure under the FOIA under the privilege for attorney work product.

are to be construed narrowly, in light of the public policy favoring disclosure. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 231-232; 507 NW2d 422 (1993). The enumerated exemptions cover materials subject to any "privilege recognized by statute or court rule," subsection 13(1)(i), attorney-client privilege, subsection 13(1)(h), deliberative-process privilege, subsection 13(1)(n), and a privilege applicable to investigating records compiled for purposes of law enforcement, subsection 13(1)(b).

When ruling whether exemptions within the FOIA prevent disclosure of particular documents, a trial court "must determine whether the government has met its burden of proving the claimed exemptions, and must give particularized findings of fact indicating why the claimed exemptions are appropriate." *Newark Morning Ledger Co v Saginaw Co Sheriff*, 204 Mich App 215, 218; 514 NW2d 213 (1994). In the instant case, the trial court concluded that defendant's deliberative work product was privileged under the FOIA, although it did not expressly indicate which statutory exemption or exemptions it applied in reaching that conclusion. However, the court's citation of *In re Subpoena Duces Tecum to the Wayne Co Prosecutor (On Remand)*, 205 Mich App 700; 518 NW2d 522 (1994), suggests that the court was applying subsection 13(1)(n), the only exemption at issue in that case. *Id.* at 705. That provision establishes the following exemption:

> Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption does not apply unless the public

body shows that in the particular instance the public interest in encouraging communications between officials and employees of public bodies clearly outweighs the interest in disclosure. . . . [MCL 15.243(1)(n);  MSA 4.1801(13)(1)(n).]

This portion of the statute provides a mechanism through which any public body may seek to avoid disclosure of its deliberative process. Although this provision may seem to bear on a prosecutor's right to avoid disclosure of deliberative work product under the FOIA, we do not rely on subsection 13(1)(n) to affirm the trial court's decision. When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning. See *Morosini v Citizens Ins Co of America*, 224 Mich App 70, 86; 568 NW2d 346 (1997); *Zimmerman v Owens*, 221 Mich App 259, 264; 561 NW2d 475 (1997). We conclude that the trial court properly withheld the disputed documents from disclosure, albeit under the wrong subsection of the FOIA.

We affirm the trial court's decision to permit nondisclosure of the documents at issue under the exemption articulated in subsection 13(1)(i), covering "information or records subject to . . . privilege recognized by statute or court rule."[3] As stated above, the attorney work-product privilege, although established principally by case law, is recognized by MCR

---

[3] Where attorney work product is concerned, this exemption in fact wholly subsumes the deliberative process exemption of subsection 13(1)(n). Deliberative process is obviously a subset of work product. Although any documents that would come under subsection 13(1)(n) would necessarily come under subsection 13(1)(i) as well, the latter reaches more broadly, being neither restricted to deliberative materials nor subject to exception upon a sufficient showing of public need for disclosure.

2.302(B)(3)(a). That recognition of the privilege by court rule engenders application of that privilege in actions under the FOIA through subsection 13(1)(i). Accordingly, recognition by subsection 13(1)(i) of the privilege for work product prepared in anticipation of litigation places all such material beyond the reach of the FOIA.[4]

This conclusion follows from careful consideration of various doctrines. As noted, to obtain pretrial discovery of an opposing party's work product, the requesting party must demonstrate both substantial need and undue hardship, and even upon that showing the seeker may discover only factual, not deliberative, work product. MCR 2.302(B)(3)(a). However, where the issue is disclosure under the FOIA, generally neither the identity of the requester[5] nor the requester's need for the information is a relevant con-

---

[4] We decline to follow the dicta in *In re Subpoena Duces Tecum*, *supra* at 706, n 2, suggesting that where the work-product privilege does not apply for purposes of discovery (where a litigant is seeking discovery of the work product of a nonlitigant), the privilege likewise does not apply to requests under the FOIA. The discovery rule, MCR 2.302(B)(3)(a), provides a limited means through which litigants may discover material that normally enjoys a presumption of confidentiality—attorney work product. The rule recognizes the traditional broad privilege for attorney work product, extends it to cover nonattorney work product prepared in anticipation of litigation, and provides only a qualified exception where persons facing trial show sufficient need and hardship. Thus, the rule's recognition of the attorney work-product privilege is incorporated into the FOIA through the latter's subsection 13(1)(i), but the rule's mechanism for allowing persons preparing for trial to overcome that privilege is inapplicable in the context of the FOIA.

[5] See *Central Michigan Univ Supervisory-Technical Ass'n MEA/NEA v Central Michigan Univ Bd of Trustees*, 223 Mich App 727, 730; 567 NW2d 696 (1997) ("The FOIA is . . . a mechanism for the public to gain access to information from public bodies regardless of whether there is a case, controversy, or pending litigation."). The exception in question, provided by statute, is where the requester under the FOIA is serving a sentence of imprisonment in a county, state, or federal correctional facility. MCL 15.232(c); MSA 4.1801(2)(c).

sideration. See *Kestenbaum v Michigan State Univ*, 97 Mich App 5, 20; 294 NW2d 228 (1980), aff'd by equal division 414 Mich 510; 327 NW2d 783 (1982). Thus, the FOIA is not an appropriate mechanism for addressing the issues of personal need or hardship.[6]

The attorney work-product privilege incorporated into the FOIA through subsection 13(1)(i) stands in contrast with the general governmental deliberative process privilege established by subsection 13(1)(n),[7] application of which by its own terms "requires the public body that possesses the records to show that the public interest in disclosure is outweighed by the public interest in encouraging frank communications between officials and the employees of public bodies." *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 296; 565 NW2d 650 (1997). That exception puts the resisting government agency or official to the test of establishing that the rationale underlying the privilege would be well served by recognizing the privilege under the particular circumstances. In contrast, once a privilege is validly established as applicable under subsection 13(1)(i), there is no obligation to determine, or purpose in exploring, whether the reasons for the privilege are being advanced by its invocation. The assertion of a valid

---

[6] Where the issue of need does arise under the FOIA, such as for weighing the public interest in disclosure against the public interest in encouraging frank intraoffice communications, subsection 13(1)(n), or against some individual privacy interest, *Kestenbaum, supra* at 20, the requester's case must rest on the *public* interest in disclosure. A petitioner pursuing purely personal interests, such as preparing for litigation or seeking vindication of reputation, does not state a public need for purposes of the FOIA. See *id.* at 23.

[7] For the purposes of the FOIA, this privilege is statutory and may not be coextensive with the deliberative process privilege judicially established for civil litigation. *In re Subpoena Duces Tecum, supra* at 704-705.

and apposite privilege as authorized by subsection 13(1)(i) ends the inquiry under the FOIA.

For these reasons, we affirm the trial court's decision to allow defendant not to disclose the documents at issue, on the ground that those documents were privileged as attorney work product prepared in anticipation of litigation.[8]

### D. DISCOVERY

Plaintiff argues that the trial court erred in deciding this case before plaintiff's scheduled deposition of an assistant prosecutor who had participated in preparing the criminal case against plaintiff. We review a trial court's decision to limit discovery for an abuse of discretion. *In re Hammond Estate*, 215 Mich App 379, 387; 547 NW2d 36 (1996). Because an assertion of public interest in disclosure cannot overcome the work-product privilege incorporated into the FOIA through subsection 13(1)(i), the trial court was not obliged to permit deposition of the assistant prosecutor in the course of letting plaintiff develop his case for the public interest.

Further, public policy imperatives for ensuring the effective functioning of the prosecutor's office militate against requiring prosecutors to submit to oral

---

[8] Our holding covers all documents at issue in this appeal. Because the trial court examined all documents in dispute and withheld from disclosure only those that reflected the prosecutor's deliberative process, and because plaintiff has not raised as an issue on appeal the question whether the trial court clearly erred in so identifying any of them, for purposes of this appeal there is no dispute that all documents at issue are attorney work product. However, we do not mean to imply that a prosecutor's *entire* file attendant to a case is presumptively exempt from the FOIA disclosure as attorney work product. To the extent that a prosecutor's file contains materials other than attorney work product prepared in anticipation of litigation, that file remains subject to disclosure under the FOIA, subject to the various other statutory exemptions.

discovery concerning their work on a particular case. See *Fitzpatrick v Secretary of State*, 176 Mich App 615, 617-618; 440 NW2d 45 (1989) ("Department heads and other similarly high-ranking officials should not be compelled to personally give testimony by deposition unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it."); *Sheffield Development Co v City of Troy*, 99 Mich App 527, 532-533; 298 NW2d 23 (1980) (separation-of-powers principles counsel against judicial inquiry into the individual motivations of officials acting within other branches of government). In this case, even if plaintiff were entitled to argue the public interest in disclosure of the documents at issue, because deposing the assistant prosecutor would have amounted to little more than a "fishing expedition" by plaintiff, the trial court would nonetheless have properly decided the case without allowing that deposition to take place. See *In re Hammond Estate, supra* at 386-387.

### III. ATTORNEY FEES

#### A. AWARD OF FEES FOR MOTION TO ADJOURN

Plaintiff argues that the trial court erred in awarding him only a small portion of the attorney fees he claimed for his filing of a motion to adjourn a summary disposition hearing. We review an award of attorney fees to a prevailing plaintiff in an action under the FOIA for an abuse of discretion. *Michigan Tax Management Services Co v City of Warren*, 437 Mich 506, 507; 473 NW2d 263 (1991). An abuse of discretion occurs only where a court's action is so violative of fact and logic as to constitute perversity of will or defiance of judgment. *Shanafelt v Allstate Ins*

*Co*, 217 Mich App 625, 634; 552 NW2d 671 (1996). When determining the amount of attorney fees to award a party under the FOIA, the trial court must independently assess that party's reasonable fees. *Michigan Tax Management, supra* at 511-512.

The trial court awarded plaintiff six billable hours for preparation of the motion to adjourn despite plaintiff's assertion that the motion required 75.5 hours of work, finding plaintiff's claim unreasonable. Although a more particularized explanation might have been helpful, we are satisfied that the court assessed the matter reasonably in light of the circumstances. Any experienced jurist would properly be suspicious of a claim of over seventy-five hours on a motion to adjourn. Plaintiff's explanation for the generous claim of attorney's hours attendant to what is normally a simple motion consists of pointing to the complexity of the issues involved and the need to act aggressively for reasons of timing and strategy. However, the complexities inherent in this controversy did not arise anew at the moment plaintiff wished to adjourn, and a need to work aggressively on behalf of the client has more to do with efficiency and expediency than with piling up hours of service. Because plaintiff demonstrated no unusual circumstances to justify his lavish claim of attorney fees attendant to the motion to adjourn, the trial court evidenced no "perversity of will" or "defiance of judgment" in disregarding plaintiff's fanciful claim and substituting a figure based on ordinary courtroom experience.

### B. AWARD OF FEES FOR ALL OTHER PROCEEDINGS

On cross appeal, defendant argues that the trial court erred in calculating the remainder of its attor-

ney fee award to plaintiff by accepting the exact amounts of fees that plaintiff claimed without conducting an independent review of the reasonableness of his claims. A trial court's assessment of reasonable attorney fees must be more searching than simply approving or disapproving the calculations of others. *Michigan Tax Management, supra* at 511-512. The following factors bear on the inquiry: " '(1) the professional standing and experience of the attorney; (2) the skill, time and labor [reasonably] involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.' " *Id.* at 509-510, quoting *Wood v DAIIE*, 413 Mich 573, 587-588; 321 NW2d 653 (1982).

In the instant case, the trial court considered the number of documents whose disclosure plaintiff had achieved through the litigation (factor 3), the experience and credentials of all the attorneys and others who worked on plaintiff's case (factor 1), and the labor and difficulty reasonably involved in advancing plaintiff's claim (factors 2 and 4). These indications, considered along with the court's reduction of plaintiff's claimed fees for the motion to adjourn, show that the trial court adequately examined plaintiff's claimed attorney fees when fashioning its award. Accordingly, we conclude that the court did not abuse its discretion in calculating the award.[9]

---

[9] Defendant opted not to argue on cross appeal that, because all materials in dispute came under the attorney work-product privilege and therefore were exempt from disclosure pursuant to subsection 13(1)(i), the trial court should not have awarded any attorney fees at all. But for plaintiff having prevailed in part in the trial court, there would have been no occasion to award attorney fees at all. Subsection 10(6), MCL 15.240(6); MSA 4.1801(10)(6). Given that the propriety of awarding some attorney

### IV. CONCLUSION

The privilege for attorney work product is recognized by court rule, MCR 2.302(B)(3)(a), and thus incorporated into the FOIA through the latter's subsection 13(1)(i). Accordingly, when material sought under the FOIA is identified as attorney work product, that material is not subject to disclosure, and questions of public interest or private need have no bearing on the question. Because all the documents at issue in this appeal fell under the attorney work-product privilege, the trial court properly withheld them from disclosure. Because defendant did not appeal the court's decision to compel disclosure of defendant's factual work product, we do not disturb that aspect of the judgment below, including the determination that plaintiff was entitled to an award of attorney fees as a partially prevailing party.

The court's manner of calculating plaintiff's award of attorney's fees did not constitute an abuse of discretion.

Affirmed.

MARKEY, J., concurred.

JANSEN, P.J. (*dissenting*). I respectfully dissent. In very broad terms, the majority declares that a prosecutor's entire work product is privileged from disclosure under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, without any supporting authority that the work-product doctrine applies to a closed governmental file. I do not

---

fees is not at issue in this appeal, we hold only that the manner in which the trial court arrived at its award did not constitute an abuse of discretion.

believe that this case should be decided under a
work-product exemption because the trial court did
not decide the case on this basis and the issue
requires further factual development. Rather, I would
remand to the trial court to consider whether the
prosecutor has shown that the public interest in
encouraging frank communications between officials
and employees of the public body clearly outweighs
the public interest in disclosure, as required under
subsection 13(1)(n) of the FOIA.

After he was acquitted of manslaughter involving
the death of his very prematurely born son, plaintiff,
Gregory G. Messenger, M. D., sought to obtain under
the FOIA the prosecutor's file concerning his case.
Obviously, plaintiff was seeking a closed governmen-
tal file. The trial court ruled that the work-product
privilege did not apply because there was no other lit-
igation between these two parties, the investigation
had been closed, and there was no contemplated
prosecution. The trial court then ruled that the prose-
cutor was required to release all strictly factual
materials, except those that were elicited from a per-
son on an express prior promise of confidentiality,
unless the person appeared on the witness list. The
trial court also ruled that the deliberative materials,
such as notes or drafts of pleadings or evaluations
made by members of the prosecutor's staff, were
exempt from disclosure.

Thus, the trial court did not decide this case on the
basis of any work-product exemption to disclosure
under the FOIA. Specifically, with regard to defendant's
contention that the materials were exempted under
the work-product doctrine, the trial court stated that
the work-product exemption did not apply, "at least

not to the factual materials," because the criminal investigation was closed and there was no contemplated prosecution. Rather, the trial court found that the documents were exempt from disclosure under the "deliberative materials" exemption, or subsection 13(1)(n), of the FOIA. There is no factual finding by the trial court that the exempted materials were indeed work product, and this Court does not have the materials to review to determine whether they are work product. Moreover, the majority's assertion in footnote eight that there is no dispute that the materials all constitute attorney work product is not accurate. I find no such concession in plaintiff's brief. In fact, plaintiff rather forcefully argues that the work-product doctrine does not apply to this case[1] and points out that many of the materials that were ultimately disclosed were initially claimed by the prosecutor to be work product when they clearly were not.

The majority's attempt to get around the problem that there is no factual finding that the material at issue is indeed attorney work product is to declare that an attorney work-product exemption to disclosure wholly subsumes the deliberative-process exemption of subsection 13(1)(n). However, the court rule, MCR 2.302(B)(3)(a), is a rule of pretrial discovery in civil actions and its terms are not as broad as the majority applies them. MCR 2.302(B)(3)(a) per-

---

[1] Plaintiff argues that the work-product doctrine does not apply for the following reasons: (1) there is no explicit provision in the FOIA exempting materials on the basis of the work-product doctrine as there is under the federal FOIA; (2) the work-product doctrine under MCR 2.302(B)(3)(a) provides only a limited and qualified protection against pretrial discovery of trial preparation materials by a party to the suit; (3) the work-product doctrine is limited with regard to a prosecutor because of other constitutional and ethical obligations of a prosecutor; and (4) the work-product doctrine may be waived like any other privilege.

mits the discovery of documents and tangible things prepared in anticipation of litigation or for trial or for another party or another party's representative only on a showing that the party seeking discovery has substantial need of the materials and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. The court rule requires a showing of substantial need and undue hardship on the party seeking discovery, but the majority ignores this dictate, instead concluding that the FOIA is not an appropriate mechanism for addressing the issue of personal need or hardship. Thus, the attorney work-product doctrine is given even broader application in the context of the FOIA under the majority's opinion. This application is in direct conflict with the purpose of the FOIA, which is a prodisclosure statute whose exemptions are to be narrowly construed. See *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 543-544; 475 NW2d 304 (1991), and MCL 15.231(2); MSA 4.1801(1)(2) ("It is the public policy of this state that all persons . . . are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process."). Moreover, if subsection 13(1)(i) exempts from disclosure a privilege recognized by a court rule, the exemption being set forth in this case is not the one recognized by MCR 2.302(B)(3)(a). Finally, it should be emphasized that the majority cites no authority for the application of the attorney work-product doctrine to a closed governmental file.

Because this Court does not have the materials to review and because there is otherwise no factual finding by the trial court that the materials are indeed work product, I do not believe that this case can be resolved on the basis of whether the documents are exempt from disclosure under the work-product doctrine. Rather, the trial court ruled that the documents now challenged by plaintiff were exempt from disclosure because they were "deliberative materials."

The trial court did not cite which subsection of the FOIA it was relying on, but the parties indicate that the trial court relied on subsection 13(1)(n).[2] Under this subsection, the following record is exempt from disclosure:

> Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption does not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure. . . . [MCL 15.243(1)(n); MSA 4.1801(13)(1)(n).]

The trial court made no finding regarding whether, in this particular instance, the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the

---

[2] Generally, the FOIA requires the disclosure of all public records, except to the extent that they fall within a statutory exemption. MCL 15.233(1); MSA 4.1801(3)(1). See *Swickard v Wayne Co Medical Examiner, supra* at 544. I emphasize this point because the trial court appeared to also apply a common-law deliberative-process exemption, relying on *In re Subpoena Duces Tecum to the Wayne Co Prosecutor*, 191 Mich App 90; 477 NW2d 412 (1991); however, that case did *not* involve a claim under the FOIA.

public interest in disclosure. This was error. When the court chooses to conduct an in camera review of the documents, the court must still determine whether the government has met its burden of proving the claimed exemptions and must give particularized findings of fact indicating why the claimed exemptions are appropriate. *Newark Morning Ledger Co v Saginaw Co Sheriff*, 204 Mich App 215, 218; 514 NW2d 213 (1994). Further, the public body must show that the public interest in encouraging frank communication clearly outweighs the public interest in disclosure and this cannot be done in conclusory, general terms. *Nicita v Detroit (After Remand)*, 216 Mich App 746, 754-755; 550 NW2d 269 (1996); *In re Subpoeana Duces Tecum to the Wayne Co Prosecutor (On Remand)*, 205 Mich App 700, 705-706; 518 NW2d 522 (1994).

I would vacate the trial court's order and remand for it to determine whether the prosecution has met its burden of showing that the public interest in encouraging frank communication clearly outweighs the public interest in disclosure in this case. For the reasons stated, I would not decide this case on the basis of any work-product exemption, and to that extent I disagree with the majority's decision to hold that the prosecutor's file is work product that is exempt from disclosure under subsection 13(1)(i). Such a finding requires additional factual information that is not now before this Court.

I would remand for further proceedings consistent with this opinion.