# STATE OF MICHIGAN

# COURT OF APPEALS

SHERYL LYNN ROTH,

Plaintiff-Appellant,

v

SABRINA CRONIN and THE CRONIN LAW
FIRM,

Defendants-Appellees.

UNPUBLISHED
April 25, 2017

No. 329018
Oakland Circuit Court
LC No. 2014-139283-NM

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this legal malpractice case, plaintiff, Sheryl Roth, appeals the order that granted summary disposition to defendants, Sabrina Cronin and The Cronin Law Firm. For the reasons provided below, we affirm.

In February 2001, plaintiff married Jaimey Roth, and in 2011, Mr. Roth filed for divorce. Sabrina Cronin represented plaintiff in the divorce proceedings, which were held before Oakland Circuit Court Judge Edward Sosnick. At a hearing on March 28, 2012, Susan Lichterman, an attorney for Mr. Roth, informed Judge Sosnick that a settlement had been reached. After Ms. Lichterman placed the settlement terms on the record, Judge Sosnick placed plaintiff under oath and asked her if she understood (1) the terms of the settlement, (2) she would be bound by the terms of the settlement if she accepted it, and (3) she had the absolute right to go to trial, where she could get a better or worse result. She testified she understood the terms and would be bound by the settlement, and had the right to go to trial. Plaintiff further testified that it was her own choice and decision to settle pursuant to the terms that were placed on the record. Judge Sosnick then stated that he would grant a judgment of divorce consistent with the settlement terms placed on the record, and he subsequently did so.

In March 2014, plaintiff sued defendants for legal malpractice. Plaintiff claimed that Ms. Cronin was negligent, in part, for engaging in settlement discussions without having determined the value of the marital estate. Defendants moved for summary disposition under MCR 2.116(C)(10). The trial court granted defendants' motion because it found that plaintiff failed to submit evidence necessary to establish the elements of legal malpractice. Specifically, the trial court noted that plaintiff failed to offer any proofs that she would have obtained a better result had she proceeded to trial for her divorce.

-1-

On appeal, plaintiff argues that the evidence she presented was sufficient to create genuine issues of material fact regarding whether Ms. Cronin was negligent and whether Ms. Cronin's negligence was a proximate cause of an injury to her. We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." We view the submitted documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). The motion is properly granted "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Though the trial court correctly granted defendants summary disposition, it did so because it reasoned that plaintiff failed to prove she could have achieved a better result. And, while this may be true, we do not reach this issue because we affirm on different grounds. We affirm on the theory of judicial estoppel. At the heart of plaintiff's legal malpractice case is her assertion that she was tricked and/or coerced into agreeing to the settlement at the March 28, 2012 hearing at her divorce proceeding. But the doctrine of judicial estoppel renders her claims meritless. Judicial estoppel, described as the doctrine against the assertion of inconsistent positions, is a tool used by courts to impede those litigants that "play 'fast and loose' with the legal system." *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d 441 (1994) (citation omitted). Under this doctrine, a party that has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding. *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 537; 847 NW2d 657 (2014); *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 672; 760 NW2d 565 (2008).

In the divorce proceeding before Judge Sosnick, plaintiff stated under oath that she understood the terms of the settlement. She also understood that she would be bound by the terms if she accepted the settlement and further testified that it was her choice and decision to settle the case based on the terms that were placed on the record. In reliance on plaintiff's testimony, Judge Sosnick granted a judgment of divorce consistent with the settlement terms placed on the record. Now, plaintiff has taken a position wholly inconsistent with her testimony at the March 28 hearing. Plaintiff now claims that she did not want to settle the case. In her deposition, plaintiff claimed that she did not know that the purpose of the hearing was to place a settlement on the record. She alleges that she believed that the purpose of the hearing was to place her husband's position on the record, and she simply followed Ms. Cronin's instructions regarding how to answer questions.

Because plaintiff, in the divorce proceeding, testified unequivocally and thus, represented to the trial court that by her own choice and decision, she wanted to settle the case based on the terms placed on the record, we hold that plaintiff is judicially estopped from asserting here that she did not want to settle the case. Accordingly, although for different reasons than relied upon by the trial court, we affirm the trial court's grant of summary disposition to defendants. See *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998).

Affirmed.  Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan