# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT WILLIAMS,

        Plaintiff-Appellant,

v

PROGRESSIVE DIRECT INSURANCE
COMPANY and PROGRESSIVE MICHIGAN
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
October 31, 2017

No. 332753
Wayne Circuit Court
LC No. 15-003421-NF

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(10) on plaintiff's claim for first-party no-fault benefits, which claim arose out of an alleged injury sustained by plaintiff when he slipped on gasoline while fueling his car. We affirm, albeit for a different reason than that given by the trial court for dismissing the suit.

Plaintiff testified at his deposition that about ten seconds after he began fueling his vehicle at a gas station, the hose broke off the pump handle and began "wandering around all over the place spewing gas everywhere." Plaintiff stated that he attempted to step back, slipped on the gasoline, and then fell, resulting in injuries to his spine. Defendants moved for summary disposition on the basis that plaintiff's injury was merely fortuitous or incidental to the use of his vehicle. Plaintiff responded that he was engaged in maintenance of the vehicle at the time of the accident. The trial court granted summary disposition to defendants, ruling that while fueling a vehicle does concern the maintenance of the vehicle, it was the malfunctioning gas pump and not the maintenance of the vehicle that actually caused plaintiff's injuries.

In *Kemp v Farm Bureau Gen Ins Co of Mich*, __ Mich __, __; __ NW2d __ (2017); slip op at 4-5, our Supreme Court recited the following well-established principles that are applicable in this case:

> We review de novo a trial court's decision to grant a motion for summary
> disposition under MCR 2.116(C)(10). MCR 2.116(C)(10) provides that summary
> disposition is appropriate when, "[e]xcept as to the amount of damages, there is

no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." In determining whether there is a genuine issue as to any material fact, we consider the evidence in the light most favorable to the nonmoving party. Where there is no dispute about the facts, the issue whether an injury arose out of the use of a vehicle is a legal issue for a court to decide and not a factual one for a jury.

Issues of statutory interpretation are also reviewed de novo. When interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [Citations, quotation marks, and alteration brackets omitted.]

MCL 500.3105(1) provides that "[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." And MCL 500.3106 provides, in relevant part:

(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) Except as provided in subsection (2) [inapplicable], the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

The instant case involved a parked vehicle, as it was temporarily stationary at the gas pump while plaintiff fueled the vehicle, at which point the injuries occurred. The *Kemp* Court explained the interplay between MCL 500.3105 and MCL 500.3106 and the analysis pertaining to MCL 500.3106, observing:

The no-fault act's initial scope of coverage for PIP benefits is set forth in MCL 500.3105(1) . . . . However, when an injury involves a parked motor vehicle, coverage is generally excluded unless the claimant demonstrates that one of [the] three statutory exceptions [in § 3106(1)] applies. . . . .

This Court has provided a three-step framework to analyze coverage of injuries related to parked motor vehicles. First, the claimant must demonstrate that his or her conduct fits one of the three exceptions of subsection 3106(1). Second,

-2-

the claimant must show that the injury arose out of the ownership, operation, maintenance, or use of the parked motor vehicle as a motor vehicle. Finally, the claimant must demonstrate that the injury had a causal relationship to the parked motor vehicle that is more than incidental, fortuitous, or but for. We analyze each of these requirements in turn. [*Kemp*, __ Mich at __; slip op at 6-7 (citations, quotation marks, emphasis, and alteration brackets omitted).]

Here, plaintiff's injuries did not arise because of the way in which his vehicle was parked. MCL 500.3106(1)(a). Further, plaintiff did not sustain his injuries "while occupying, entering into, or alighting from the vehicle." MCL 500.3106(1)(c). Additionally, plaintiff's injuries were not "a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used." MCL 500.3106(1)(b). And finally, plaintiff's injuries were not "a direct result of . . . property being lifted onto or lowered from the vehicle in the loading or unloading process." MCL 500.3106(1)(b). Although we understand why plaintiff does not address MCL 500.3106 and its exceptions in his initial appellate brief, considering that the trial court did not do so, plaintiff fails to even acknowledge MCL 500.3106 in his reply brief, despite the fact that defendants' appellee brief focuses heavily on MCL 500.3106 and the parked-vehicle exceptions. Again, there is no dispute that plaintiff's vehicle was parked when the alleged injuries arose; therefore, MCL 500.3106 is necessarily applicable, and the exceptions in MCL 500.3106 that could potentially allow for recovery are simply not implicated in this case. "When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning." *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998).

Affirmed. Having fully prevailed on appeal, defendants are awarded taxable costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause