*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ELSIE N. SAGE REVOCABLE TRUST.

---

LOLA TYLER, JANICE MASCHO, and
JACQUELYN BARWIN,

        Appellants,

v

CYNTHIA WINTERS, Individually and as Trustee
of the ELSIE N. SAGE REVOCABLE TRUST, and
HASTINGS FIRE DEPARTMENT,

        Appellees,

and

THORNAPPLE TOWNSHIP FIRE
DEPARTMENT,

        Other Party.

UNPUBLISHED
July 28, 2025
9:20 AM

No. 369992
Kent Probate Court
LC No. 23-214035-TV

---

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

In this trust action, appellants, Lola Tyler, Janice Mascho, and Jacquelyn Barwin; three of the five daughters of Elsie N. Sage, the settlor of the Elsie N. Sage Trust, appeal by leave granted[1]

---

[1] This Court granted appellants' application for leave to appeal and motions for stay pending appeal and immediate consideration limited to the issues raised in the application and supporting brief. *In re Elsie N. Sage Revocable Trust*, unpublished order of the Court of Appeals, entered July 18, 2024 (Docket No. 369992) (YATES, J., would have denied the application for leave to appeal for lack of merit in the grounds presented).

the probate court's February 14, 2023 order granting appellee, Hastings Fire Department ("Hastings FD"), partial summary disposition under MCR 2.116(C)(7) (statute of limitations) and dismissing with prejudice appellants' challenge to the validity of the Trust on the basis of undue influence. On appeal, appellants contend the probate court erred by holding that the claim was barred by the six-month limitations period in MCL 700.7604(1)(b). We agree.

We conclude that the requirements of MCL 700.7604 were not met because the trustee did not provide the dates of all amendments to the trust that were known to her in the notice she provided to appellants. As a result, appellants had two years from the date of their mother's death to commence this action, not the six months argued by Hastings FD. For the reasons stated in this opinion, we reverse the order of the probate court granting Hastings FD partial summary disposition and remand for further proceedings on appellants' claim of undue influence.

## I. RELEVANT FACTS AND PROCEEDINGS

In 2012, Elsie N. Sage ("Elsie") created the Elsie N. Sage Revocable Trust ("the Trust").[2] Elsie had five daughters: appellants, Cynthia Winters, and Joyce Sage.[3] After establishing the Trust, Elsie revoked and restated the Trust three times. Elsie first revoked and restated the Trust on September 6, 2018 ("the 2018 Restatement"). In the 2018 Restatement, Elsie named herself and Cynthia as trustees. The 2018 Restatement named Elsie's five daughters as beneficiaries of the trust assets upon her death. Each daughter was to receive 20% of the residual trust property, with Joyce's share to be held in a supplemental needs trust because she was a mentally incapacitated adult. On July 2, 2019, Elsie restated the Trust again ("the 2019 Restatement"). The 2019 Restatement removed Elsie as a trustee, but maintained the 20% gift of the residual trust assets to each daughter.

On August 19, 2021, Elsie revoked and restated the Trust for a third and final time ("The 2021 Restatement"). The document stated, *inter alia,* "Settlor now wishes to amend the Agreement to revise various provisions, and for the sake of clarity has decided to completely restate the terms of the Trust ." The 2021 Restatement named Elsie's five daughters and then, "not for a lack of love or affection" expressly disinherited Lola and her descendants. The 2021 Restatement named Hastings FD and the remaining four daughters as beneficiaries of the trust property. Under § 5.2 of the 2021 Restatement, Hastings FD was to receive 20% of trust assets and, under § 5.3, the four remaining daughters would each receive 25% of the remaining trust property.

After executing the 2021 Restatement, Elsie amended the Trust twice before passing away on October 24, 2022. Elsie first amended the 2021 Restatement on September 18, 2022 ("the First Amendment"). Under the First Amendment, Elsie deleted § 5.2 and amended § 5.3 of the 2021 Restatement. Hastings FD was to receive 20% of trust assets; seven other fire departments, a

---

[2] The parties were unable to locate a copy of the original Trust.

[3] Because some of the interested parties in this appeal share last names, we refer to Elsie and her daughters by their first names.

library, a school band program, a park, and a museum each were to receive 5% of trust assets; and the supplemental needs trust of Joyce was to receive 25% of trust assets.

Five days later, on September 23, 2022, Elsie amended the 2021 Restatement a second and final time ("the Second Amendment"). The Second Amendment again amended § 5.3 of the 2021 Restatement. Under the Second Amendment, Hastings FD was to receive 20% of trust assets; five other fire departments and a school band program each were to receive 5% of trust assets; the supplemental needs trust of Joyce was to receive 25% of trust assets; Janice and Jacquelyn each were to receive 10% of trust assets; Lola was to receive 4% of trust assets; and Cynthia was to receive 1% of trust assets.

Elsie died on October 24, 2022.

On December 20, 2022, Cynthia notified each appellant of the existence of Elsie's Trust and their interests therein in a "Trust Notice" and accompanying letter drafted by Cynthia's legal counsel. Nowhere in these notices did Cynthia or her attorneys indicate the trust had been amended on September 23, 2022.

On July 26, 2023, Cynthia sent appellants a proposed distribution plan, which showed trust assets totaling over $3.2 million.

On September 25, 2023, appellants filed a petition to set aside trust instruments and to surcharge and remove Cynthia as trustee. The petition contained one count contesting the validity of the Trust because of undue influence (Count I) and one count requesting the surcharge and removal of Cynthia as trustee for a breach of fiduciary duty (Count II).

Hastings FD moved for partial summary disposition on Count I under MCR 2.116(C)(7), arguing that the claim was time-barred by the six-month limitations period in MCL 700.7604(1)(b). Hastings FD asserted appellants received notice that complied with the requirements in § 7604(1)(b) on December 20, 2022, but waited until September 2023 to file their petition, which was three months after the end of the limitations period. Alternatively, Hastings FD argued the claim was barred by the equitable doctrine of laches because of the inequity caused by appellants' undue delay in litigating the issue.

In response, appellants argued the two-year limitations period in § 7604(1)(a) was applicable because Statutory Notices they received did not comply with § 7604(1)(b). Appellants argued the Statutory Notice was noncompliant because it (1) did not state the date of the Second Amendment; (2) did not include material provisions from the 2018 Restatement; and (3) did not list a provision in the 2021 Restatement that affected Lola's rights as a beneficiary. Appellants also argued laches did not apply because appellants filed their petition within the statutory limitations period and there was no prejudice to the beneficiaries of the Trust. In a reply brief, Hastings FD argued that text messages disclosed during discovery showed that appellants were well-aware of the trust instrument and amendments in December 2022, but appellants decided to "slumber on their rights" causing prejudice to the beneficiaries by forcing the Trust to incur the costs of belated litigation.

At a hearing on the motion, the probate court granted the motion and dismissed Count I with prejudice. The trial court acknowledged that the date of the Second Amendment was not

provided in the Statutory Notice, but explained this failure was not fatal to application of the six-month limitations period. The probate court determined Count I was time-barred because the Statutory Notice otherwise complied with the requirements in § 7604(1)(b). This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the applicability of a statute of limitations and a trial court's decision on a motion for summary disposition. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 21; 896 NW2d 39 (2016). Among other bases, summary disposition may be granted under MCR 2.116(C)(7) when an action or claim is barred by the statute of limitations. *Armijo v Bronson Methodist Hosp*, 345 Mich App 254, 262; 4 NW3d 789 (2023). When reviewing a motion under MCR 2.116(C)(7), "this Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id.* (quotation marks and citation omitted).

This Court reviews de novo questions of statutory interpretation, construction, and application. *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Le Gassick as Trustee of James A. Bellamy Trust v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019) (quotation marks and citation omitted). The plain language of the statute is the most reliable evidence of legislative intent. *Id.* "If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute." *Id.*

## III. ANALYSIS

Appellants argue Count I was not barred by the six-month limitations period because the Statutory Notices they received did not comply with the requirements of § 7604(1)(b). Because the Statutory Notices did not comply with the express requirement to include the date of all known amendments, we agree.

The Michigan Trust Code ("MTC"), MCL 700.7101 *et seq.*, which concerns trusts, is Article VII of the Estates and Protected Individuals Code ("EPIC"), MCL 700.1101 *et seq.* Section 7604 is a provision of the MTC that provides limitations periods for bringing a challenge to the validity of a trust. Section 7604 provides in relevant part:

> (1) Except as provided in subsection (2), a person may commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within the earlier of the following:
>
> (a) Two years after the settlor's death.
>
> (b) Six months after the trustee sent the person a notice informing the person of all of the following:
>
> (*i*) The trust's existence.
>
> (*ii*) The date of the trust instrument.

(*iii*) The date of any amendments known to the trustee.

(*iv*) A copy of relevant portions of the terms of the trust that describe or affect the person's interest in the trust, if any.

(*v*) The settlor's name.

(*vi*) The trustee's name and address.

(*vii*) The time allowed for commencing a proceeding. [MCL 700.7604(1)(a)-(b).]

Under this statute, a challenge to the validity of the trust must be brought within two years after the settlor's death or six months after the provision of a notice that complies with the requirements listed in § 7604(1)(b)(*i*) through (*vii*), whichever is earlier. It is undisputed that appellants did not bring their challenge to the Trust within the six months after the Statutory Notice was provided, but did bring their challenge within two years of Elsie's death. Consequently, if § 7604(1)(b) applies, Count I of appellants' petition is barred by the six-month limitations period; however, if it does not apply, the claim is not time-barred.

Appellants argue the probate court erred by concluding that the Statutory Notices' failure to state the date of the Second Amendment was not fatal to application of the six-month limitations period. Hastings FD concedes that the Statutory Notices did not provide the exact date of the Second Amendment, but argues this was not fatal because the date of the amendment could be inferred to be within the five-week period between the execution of the First Amendment and Elsie's death.

To apply the six-month limitations period, the Statutory Notice must include, among other requirements, "[t]he date of any amendments known to the trustee." MCL 700.7604(1)(b)(*iii*). In this case, the date of the Second Amendment was September 23, 2022. That date was not provided in the Trust Notices or the accompanying letters. There is no dispute that the date of the Second Amendment was known to Cynthia.

The word "date" is defined, in relevant part, as "the time at which an event occurs" or "a statement of the time of execution or making." *Merriam-Webster's Collegiate Dictionary* (11th ed). The provision of a five-week window between the execution of the First Amendment and Elsie's death from which appellants could "infer" a possible date the amendment was executed, did not provide the "date" of the amendment's execution. Consequently, the Statutory Notice did not comply with § 7604(1)(b).

Hastings FD argues that, although the Statutory Notice did not technically comply with the statutory requirements by failing to list the date of the Second Amendment, the Statutory Notice still provided the relevant information by allowing appellants to infer a five-week period in which the Second Amendment was executed. Without naming it, Hastings FD essentially argues that substantial compliance resulting in actual notice to appellants, rather than strict compliance with the terms of § 7604(1)(b), is required.

"When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). The statute states the six-month limitations period is applicable if "the trustee sent the person a notice informing the person of all of" the requirements listed in the statute. MCL 700.7604(1)(b)(*i*)-(*vii*). The plain language of this statute requires provision of each of the listed requirements, including the date of amendments known to the trustee, for application of the six-month limitations period.

An exception to this general rule of statutory interpretation exists when the Legislature includes a substantial compliance provision in a statute. *Northern Concrete Pipe, Inc v Sinacola Cos-Midwest, Inc*, 461 Mich 316, 320-321; 603 NW2d 257 (1999).[4] In this case, Hastings FD has identified no substantial compliance provision in § 7604 or such a provision in the MTC or EPIC that would apply to § 7604. Moreover, specific statutes within EPIC have their own substantial compliance provisions for discrete topics. See, e.g., MCL 700.2504 (stating a self-proved will may be "in substantially the following form"); MCL 700.2955 (stating a certificate for an intentional will "must be in substantially the following form"). The express inclusion of substantial compliance provisions in other areas of EPIC combined with the absence of such a provision in § 7604 support that the Legislature intended that § 7604 be enforced as written. Accordingly, we conclude the Statutory Notice was required to strictly comply with the terms of § 7604(1)(b) for application of the six-month limitations period.

Because the Statutory Notice did not comply with the date requirement in § 7604(1)(b)(*iii*), the limitations period applicable was two years. Appellants filed their petition within that two-year period. Consequently, Hastings FD was not entitled to summary disposition on the basis that Count I of appellants' petition was time-barred.[5]

Hastings FD argues this Court can affirm the probate court's order on the alternative basis that Count I is barred by the equitable doctrine of laches. See *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998) (stating, "When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning"). We decline to do so because we are not convinced the doctrine of laches applies to this matter as currently presented.

"Laches is an equitable tool used to provide a remedy for the inconvenience resulting from the plaintiff's delay in asserting a legal right that was practicable to assert." *Knight v Northpointe Bank*, 300 Mich App 109, 115; 832 NW2d 439 (2013). However, "[f]or laches to apply, inexcusable delay in bringing suit must have resulted in prejudice." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 457; 761 NW2d 846 (2008). See also *Chase v Terra Nova Indus*, 272

---

[4] An example of a substantial compliance provision is found in the Construction Lien Act. See MCL 570.1302(1).

[5] Because we conclude appellants are entitled to reversal because of the Statutory Notices' failure to satisfy the "date" requirement in § 7604(1)(b), we need not address appellants' remaining arguments. Nonetheless, after review of appellants' remaining arguments on appeal, we conclude none have merit.

Mich App 695, 701-702; 728 NW2d 895 (2006) ("Application of the doctrine [of laches] requires the passage of time combined with a change in conditions that would make it inequitable to enforce a claim against the defendant."). Laches may bar a claim even though the limitations period has not run. *Tenneco Inc*, 281 Mich App at 457.

Hastings FD has not provided an alternative basis for this Court to affirm the probate court's grant of partial summary disposition because Hastings FD has failed to argue in the probate court or this Court that it was prejudiced by appellants' delay in asserting their rights. Hastings FD argues only that the delay in filing the petition forced the Trust to incur the cost of belated and "Trust-depleting" litigation. This is not prejudice resulting from inexcusable delay. Rather, the filing of appellants' petition, regardless of its timing, would result in the cost of litigation. Hastings FD has not argued an excusable delay in filing the petition caused a change in conditions for it or the other beneficiaries of the Trust. Accordingly, laches is not an appropriate ground to alternatively affirm the probate court's order.

The probate court's order granting summary disposition as to Count I of appellants' petition is reversed. This matter is remanded for further proceedings on appellants' claim of undue influence. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett

-7-