Jacob Ark, J.
This is a motion by the defendants for a protective order (CPLB, 3103):
The action is for a judgment to declare invalid a July 13, 1965 amendment to the zoning ordinances of the Town of Pitts-ford, rezoning a parcel of land from “ A ” residential to “ B ” residential to permit the erection of a YMCA facility, not permissible under the former classification but allowable under the latter.
The plaintiff is a resident of the Town of Pittsford and is the developer and owner of certain lots immediately adjacent to the land in question. By notice pursuant to CPLB 3107 he seeks to take the depositions upon oral examination of all members of the Town Board and all members of the Planning Board and/or Zoning Board, as adverse witnesses, and requires the production of records, memorandums, notices, letters, correspondence, minutes, resolutions, reports and communications in accordance with CPLB 3111.
It is the plaintiff’s position that the “testimony of all the individual members of the Town Board and Planning Board is vital in establishing whether the proper standards and guides *601 were applied in adopting the zoning ordinance in question.” This is resisted by the defendants who have moved to restrict the examination.
Basic to the question before the court is whether the testimony which the plaintiff seeks to elicit from all the members of the Town Board and Planning Board is material and necessary in the prosecution of the action (CPLB 3101).
The court is not unmindful that a Judge at Special Term cannot anticipate the course of a trial and examinations before trial should not be too restrictive. Upon the papers before the court, however, the attempt to dissect the formal action of a duly constituted board by examining each member thereof would do violence to the legislative process and would be an exercise in futility to which the members of the Town Board and Planning Board should not be subjected. Furthermore, to have a member of a public body exposed to questioning concerning the basis for his judgment in arriving at a common conclusion with his fellow board members would not be in the public interest.
Homefield Assn. of Yonkers v. Frank (273 App. Div. 788, affd. without opn. 298 N. Y. 524) involved the validity of two city ordinances changing zone districts adopted by the City of Yonkers. The Appellate Division, Second Department, in sustaining the legality of the enactments said: “ The council is a local legislative body, clothed with the general, delegated power to enact amendments to the Zone Ordinance. Under such a situation its motives, promptings, and procedures in making the enactment are not subject to review by the court.”
Similarly, by article 16 of the Town Law, the Town Board is empowered to enact a zoning ordinance and make amendments thereto.
The plaintiff may examine Paul M. Spiegel, as Supervisor of the Town of Pittsford and the Chairman of the Planning Board of the Town of Pittsford who are to submit to such examination studies, investigations and planning made by or in behalf of the defendants prior to the enactment of the amendment to the Zoning Ordinance on July 13, 1965 (Lakeville Merrick Corp. v. Town Board of Town of Islip, 23 A D 2d 584).
If it should develop during the examination that there are specific relevant documents that were not furnished, application can be made for their discovery and inspection (Colbert v. Home Ind. Co., 45 Misc 2d 1093, affd. 24 A D 2d 1080) under CPLB 3120.
Submit order in accordance with this decision.