Bertram Harnett, J.
Can a Village Board change a zoning ordinance solely because a large group of interested citizens object to it, even though the board recites in the very ordinance effecting the change that it does not agree with the change and that the change departs from the Village Development Plan? This is what is at stake in Westbury.
The plaintiff owned an unimproved parcel of land when the Village Board amended its Building Zone Ordinance on May 23, 1968 to rezone its land from Residence “A” to Residence “ AAA A ”. The change would have permitted the plaintiff to *876 build approximately 61 apartment units. However, on August 8,1968, the board promptly amended its Building Zone Ordinance once again to restore the land to a Residence “ A ” District.
Because of the peculiar nature of the August 8,1968 resolution, it will be quoted in the following detail.
whereas, despite, this motion, the Village Board is in agreement with the Village Development Plan concerning apartments, the apartment development area, and feels the most logical use of the below described property is apartment development,
whereas, the property known as Section 10, Block 191, Lot 6 of the Nassau County Tax Map was changed from a Residence A District zoning to an Apartment AAAA District on May 23, 1968, and
whereas, subsequent to the rezoning major objections to the apartment were raised by a large group of interested citizens, and
whereas, such arguments may best be evaluated at a public hearing which has just been held,
how therefore be it resolved, that the ‘ Official Building Zone Map ’ of the Incorporated Village of Westbury is hereby amended as follows:
Change from Apartment AAAA District to Residence A District the following —■ and stated the metes and bounds of the affected land.
From the very language of the August 8, 1968 resolution, it is clear that the board acted in a manner inconsistent with its own established plan of development and its own convictions as to proper land use in Westbury. This requires that the ordinance of August 8,1968 be annulled.
The motivation for the Village Board’s action appears on the face of the resolution to be the objections raised by “ a large group of interested citizens ”. However meritorious a political approach, this is improper grounds for a zoning change, and, according to the Court of Appeals, the change must be annulled.
In Udell v. Haas (21 N Y 2d 463, 469) it was said: “ In exercising their zoning powers, the local authorities must act for the benefit of the community as a whole following a calm and deliberate consideration of the. alternatives, and not because of the whims of either an articulate minority or even majority of the community. (De Sena v. Gulde, 24 A D 2d 165 [2d Dept., 1965].) Thus the mandate of the Village Law (§ 177) is not a mere technicality which serves only as an obstacle course for public officials to overcome in carrying out their duties. Rather, the comprehensive plan is the essence of zoning. Without it, there can be no rational allocation of land use. It is the insurance that the public welfare is being served and that zoning does not become nothing inore than just a Gallup poll.”
In De Sena v. Gulde (24 A D 2d 165, 171) the 'Second Department of the Appellate Division expressed an accordant principle *877 in these terms: 1 ‘ We think that the challenged amendment, measured by these standards, does not pass muster. We need hardly go further than the command of section 177 of the Village Law that the zoning regulations 1 shall be made in accordance with a comprehensive plan, ’ and 1 with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout [the] municipality.’ Here it is undisputed that the appellants did not follow their own master plan in passing the amendment, nor even their own conviction regarding the most appropriate use of the respondent’s land.”
However fuzzy the definition of a “ development plan ” may be in general, it appears clear that Westbury in particular has one. This comprehensive plan of the Village of Westbury envisioned the use of the subject area for apartment house construction. The Village Development Plan prepared by Frederick P. Clark & Assoc, made this recommendation and that plan admittedly served as the guidelines for the Village Board. Nevertheless, the Village Board admittedly ignored its comprehensive plan in its August 8,1968 resolution. The proximity of the August rezoning to the May rezoning offers particular content to the “ race to the statute book ” described in Udell v. Haas (supra), although the fatal recitals in the rezoning resolution seemed a rather prohibitive handicap to assign to a hopeful winner of any such race.
The court reaches this determination to annul notwithstanding the presumption of validity normally attached to a municipal legislative body’s enactment of an ordinance (Rodgers v. Village of Tarrytown, 302 N. Y. 115; Shepard v. Village of Skaneateles, 300 N. Y. 115). But, the presumption is not irrebuttable (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222) and the court has a duty to declare an ordinance invalid whenever the municipal power has been exceeded, or has been exercised in an arbitrary or discriminatory fashion (Barry v. Town of Glenville, 9 A D 2d 822, affd. 8 N Y 2d 1153). This court, as did the court in De Sena v. Gulde (supra) recognizes that the motives of a legislative body may not be inquired into to determine the validity of legislation (Bacon v. Miller, 247 N. Y. 311) but an exception exists to this rule where the motivation is disclosed on the face of the act (5 McQuillin, Municipal Corporations [3d ed.], § 16.90, p. 321).