SHEFFIELD DEVELOPMENT COMPANY v CITY OF TROY

Docket No. 78-4303. Submitted May 13, 1980, at Lansing.—Decided August 25, 1980. Leave to appeal applied for.

Sheffield Development Company requested a zoning change from the City of Troy. The request was denied by the city council. Sheffield then brought an action to enjoin the city from enforcement of its zoning ordinance as it applied to the land in question. Sheffield requested the depositions of several members of the Troy city council, who refused to answer certain questions on the basis that the questions related to the reasons or motivations for the council members' individual vote on the rezoning request. The Oakland Circuit Court, Francis X. O'Brien, J., granted Sheffield's motion to compel answers, and the city appeals by leave granted. *Held:*

The scope of judicial review of a municipal rezoning decision is limited by the constitutional provision for separation of powers. A rezoning decision is legislative in nature and not subject to judicial review except in the presence of abuse of discretion, excessive use of power or error of law. This limited review also applies to an inquiry into the motives behind the decisions of the legislators. The questions to which Sheffield seeks answers relate directly to the individual motivations of the council members. There are no allegations of fraud, personal interest or corruption. The order compelling answers is therefore improper.

Order vacated.

1. ZONING — LEGISLATIVE ACTS — JUDICIAL REVIEW.

The rezoning of a parcel of land by a township or municipality is an act that is legislative in nature and is not subject to judicial interference absent an abuse of discretion, excessive use of power or error of law.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning § 338.
[2] 73 Am Jur 2d, Statutes §§ 46, 270.
[3, 4] 82 Am Jur 2d, Zoning §§ 76, 77.

2. COURTS — LEGISLATIVE ACTS — JUDICIAL REVIEW — MOTIVES OF
LEGISLATORS.

  Courts are limited to consideration of the legislation itself and
  other documented legislative history when reviewing a chal-
  lenge to a legislative enactment; however, the motive of the
  legislators may be examined where fraud, personal interest or
  corruption is alleged.

3. ZONING — PURPOSE OF ZONING — JUDICIAL REVIEW.

  A court may inquire into the purpose of a zoning ordinance
  where discriminatory, unreasonable or spot zoning is alleged.

4. ZONING — CONSTITUTIONAL LAW — SEPARATION OF POWERS —
MOTIVES.

  Inquiry relating directly to the individual motivations of mem-
  bers of a city council in passing on applications for zoning
  changes is precluded, in an action based upon the denial of an
  application, by the constitutional provision respecting the sepa-
  ration of powers (Const 1963, art 3, § 2).

*Schlussel, Lifton, Simon, Rands, Kaufman, Le-
sinski & Jackier* (by *Mark E. Schlussel* and *Joseph
F. Galvin*), for plaintiff.

*William S. Wolanin,* City Attorney, for defen-
dant.

Before: D. F. WALSH, P.J., and BASHARA and
K. B. GLASER,* JJ.

D. F. WALSH, P.J. Defendant appeals the entry of
a pretrial discovery order which directed munici-
pal officials to answer questions concerning the
reasons behind their decisions in acting upon zon-
ing applications.

In the fall of 1975, Sheffield Development Com-
pany, the owner of 160 acres of undeveloped land
(zoned in part "single family residential" and
"commercial"), petitioned for the rezoning of this
parcel. After a public hearing, the Troy Planning

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Commission recommended to the Troy City Council that the proposed rezoning be denied. By a vote of 3 to 3, the council subsequently refused to conduct a public hearing on the petitioned amendment, thereby denying Sheffield's request for a rezoning.

In September, 1976, Sheffield instituted an action against the City of Troy, its officers, employees and agents. The following three claims were alleged: (1) the single family residential classification was unreasonable, arbitrary, capricious, discriminatory and confiscatory; (2) the city council abdicated its statutory duties in its decision-making by acquiescing in the local homeowners associations' opposition to the proposed rezoning; and (3) certain restrictive covenants on the land entered into between Sheffield and Troy were void.

During pretrial discovery, plaintiff noticed the depositions of several Troy officials, including the mayor, the city manager and at least 3 or 4 council members. At the depositions, the officials refused to answer certain questions on the basis that the inquiry related to the reason or motivation for their individual vote on the rezoning request. Plaintiff then moved to compel answers to deposition questions and the circuit court granted the motion. On August 21, 1978, the court entered an order which provided:

"1. That Arthur Molinar [a council member] and other Troy city officials deposed in this case, be, and hereby are ordered to answer questions relating to criteria generally applied by Troy city officials to zoning applications.

"2. That Arthur Molinar and other Troy city officials deposed in this case, be, and hereby are ordered to answer questions relating to specific statements made by Troy officials to one another with respect to pending

zoning applications to the extent, and only to the extent, that such statements relate to the criteria applied by Troy city officials to zoning applications."

The narrow question at issue centers on whether city officials can be compelled to answer questions concerning the reasons underlying the denial of a proposal for rezoning.

GCR 1963, 302.2(1), which governs the scope of examination by deposition, provides for discovery of any matter not privileged which is admissible under the rules of evidence and relevant to the subject matter. MRE 402 provides that all relevant evidence is admissible except as otherwise provided by the constitution or other evidentiary rule. The applicable constitutional provision in the present case is that providing for the separation of powers. Const 1963, art 3, § 2.

The rezoning of a specific parcel of land by a township or municipality constitutes an act that is legislative in nature. *Kirk v Tyrone Twp,* 398 Mich 429, 441; 247 NW2d 848 (1976). Due to the limitations inherent in the constitutional separation of powers, this legislative function is not subject to judicial interference absent an abuse of discretion, excessive use of power or error of law. *Tireman-Joy-Chicago Improvement Assoc v Chernick,* 361 Mich 211; 105 NW2d 57 (1960). This limited judicial review also applies to any inquiry into the legislators' motives behind their decisions. In *People v Gibbs,* 186 Mich 127, 134-135; 152 NW 1053 (1915), the Supreme Court stated:

"Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. Bad motives might inspire a law which appeared on its face and proved valid and beneficial, while a bad and invalid law might

be, and sometimes is, passed with good intent and the best of motives.

" 'Nothing is better settled than the rule that the motives of a legislature or of the members cannot be inquired into, for the purpose of determining the validity of laws.' *People v Gardner,* 143 Mich 104; 106 NW 541 (1906)."

Accord, *Grand Trunk Western R Co v Detroit,* 326 Mich 387, 396-397; 40 NW2d 195 (1949), 8A McQuillin, Municipal Corporations (3d ed), § 25.278, 3 Rathkopf, The Law of Zoning and Planning (4th ed), Chapter 52, Anno., 71 ALR2d 568.

In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. 3 Rathkopf, *supra,* 52-53. Also, it is generally recognized that courts may inquire into the purpose of the legislation, especially where discriminatory, unreasonable or spot zoning is alleged. *Id.* 52-56. In *Glen Cove Theatres, Inc v City of Glen Cove,* 36 Misc 2d 772, 773; 233 NYS2d 972, 974 (1962), the New York Supreme Court distinguished motive and intent or purpose in the following manner:

"In the field of legislation, motive and intent have different connotations and, in the instant case, each must be separately considered for a proper disposition of some of the arguments propounded. The former may be defined as the impelling force or reason which *induces* action and precedes it. The latter signifies the intendment and meaning of the enactment, the purpose it seeks to accomplish, its construction, all as gathered from the text of the law itself, legislative studies, etc."

However, even when testimony with regard to

"purpose" is deemed admissible, it is generally given by those in an administrative, rather than legislative, capacity. *Anderson v Town of Forest Park,* 239 F Supp 576 (D Okla, 1965) (mayor), *Rammar Assoc, Inc v Incorporated Village of Westbury,* 59 Misc 2d 875; 300 NYS2d 698 (1969) (mayor), *Clary v Borough of Eatontown,* 41 NJ Super 47; 124 A2d 54 (1956) (president of planning board).

In *Mazzara v Town of Pittsford,* 54 Misc 2d 600; 283 NYS2d 165 (1967), a land owner filed a complaint alleging the invalidity of an amendment to a zoning ordinance. The plaintiff sought the depositions of all members of the town board, the planning board and the zoning board with regard to the standards and guidelines applied in the enactment. In modifying this broad discovery request, the New York court prohibited the depositions of the members of the town board. The court stated that the motives, promptings and procedures of this local legislative body were beyond the proper scope of any judicial inquiry.

As expressed in the order entered in the instant case, plaintiff seeks answers to questions concerning the council members' individual criteria in passing on zoning applications and specific statements by Troy city officials with regard to pending zoning applications. These questions relate directly to the individual motivations of the council members that induced their legislative decision-making. Such inquiry fits squarely within the proscriptions set forth in *Gibbs, supra,* and *Grand Trunk, supra.* While such answers may be relevant to plaintiff's contention that the council was influenced by the disapproval voiced by the homeowners associations, the limitations mandated by the constitutional provision with respect to the separation of

powers precludes this pretrial discovery. The collective or individual motives of a legislative body are not discoverable.

We note that the complaint contains no allegations of fraud, personal interest or corruption. Furthermore, even if this inquiry can be characterized as related to legislative "purpose" rather than the legislators' "motive", the questioning of council members would still be improper. Administrative officials can adequately answer the questions concerning the purpose of zoning regulations.

The order of the lower court is vacated.