TYRONE TOWNSHIP v CROUCH

Docket No. 64143. Submitted March 4, 1983, at Grand Rapids.—
Decided September 19, 1983. Leave to appeal denied, 419 Mich —.
  Rick W. Crouch and his wife, Elizabeth Crouch, desired to place
  their 14-foot by 70-foot "single-wide" mobile home on 11 acres
  of undeveloped property in Tyrone Township owned by Mrs.
  Crouch's parents, Mr. and Mrs. Charles O. Ridgeway. Tyrone
  Township brought suit against the Crouches and Charles O.
  Ridgeway in Kent Circuit Court to enjoin defendants from
  placing the mobile home on the property. The court, George R.
  Cook, J., found that the Tyrone Township zoning ordinance
  prohibited the placement of mobile homes with less square feet
  of living space than site-built homes allowed under the ordi-
  nance prohibited the placement of mobile homes with less than
  22 feet of width, and prohibited the placement of mobile homes
  without pitched roofs outside of mobile-home parks and entered
  an order permanently enjoining defendants from situating
  their mobile home on Mr. Ridgeway's property. Defendants
  appealed. *Held:*
    1. The zoning ordinance is unconstitutional in that the result
  of the ordinance is to effect a per se prohibition on all "single-
  wide" mobile homes located outside mobile-home parks. Defen-
  dants may proceed with the construction or installation of the
  "single-wide" mobile home on Mr. Ridgeway's property.
    2. The remainder of defendants' allegations of error are
  *without merit.*
    Reversed.

CONSTITUTIONAL LAW — MOBILE HOMES — ZONING.
    The per se exclusion of mobile homes from all areas not desig-

REFERENCES FOR POINTS IN HEADNOTE
54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps
    §§ 13, 14.
82 Am Jur 2d, Zoning and Planning § 103.
Validity of zoning or building regulations restricting mobile homes
    or trailers to established mobile home or trailer parks. 17
    ALR4th 106.
Validity and application of zoning regulations relating to mobile
    home or trailer parks. 42 ALR3d 598.

nated as mobile-home parks has no reasonable basis under the police power and is, therefore, unconstitutional.

*Annis, Annis & Telman* (by *H. James Telman* and *Timothy B. Visser),* for plaintiff.

Legal Aid of Western Michigan (by *Michael Nelson),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and D. F. WALSH and J. C. KINGSLEY,* JJ.

PER CURIAM. Defendants appeal as of right from the trial court's order permanently enjoining them from situating their mobile home on an 11-acre parcel because to do so would be in violation of plaintiff's zoning Ordinance No. 41.

Defendants own a 14′ wide by 70′ long "single-wide" mobile home. They desired to place the home on an 11-acre parcel owned by Mrs. Crouch's parents. The property is undeveloped. At the time of trial, defendants had already dug holes for the septic system and drain field and had commenced to construct a foundation. Additionally, at the time of trial, defendants resided in a mobile-home park but were being evicted because they could not afford to pay the $110 per month rent. The Crouches' sole income is Mr. Crouch's $156 per week workers' compensation payment.

Ordinance No. 41, effective June 2, 1981, amended plaintiff's prior zoning ordinance. Prior to the adoption of Ordinance No. 41, mobile homes were restricted to plaintiff's two mobile-home parks. Ordinance No. 41 permits mobile homes to be located outside of licensed mobile-home parks in areas zoned A, R-1, and R-2 districts provided certain conditions found in § 2.8(A)(3) are met. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

three conditions set forth below are in controversy herein:

"1. There shall be a minimum square feet of living area equal to that required for a site-built residence or dwelling in the zoning district in which it is placed.

* * *

"3. There shall be a minimum width throughout the entire length of the mobile home of 22 feet measured between the exterior part of the walls having the greatest length.

* * *

"12. There shall be a minimum of a double pitched roof of not less than 3 feet of rise for each 12 feet of run and the roof shall be covered by either asphalt or shake shingles. If 20% or more of those residences, save mobile homes that are within one-half mile, or if 20% or more of the nearest 12 residences, whichever is greater, of a proposed site, have a double pitched roof less than 3 feet of rise for every 12 feet of run, then a double pitched roof equal to the average of the 20% or more may be used."

Milton Wylie, plaintiff's supervisor, testified that the purpose of Ordinance No. 41 was to ensure that mobile homes placed outside of licensed parks resembled site-built homes. Wylie admitted that the ordinance's criteria would exclude all single-wide mobile homes and that only double-wide mobile homes would meet the criteria.

Richard Whitelock, a licensed residential builder and seller of manufactured housing, testified for defendants. He stated that the 1,000-square-foot requirement under said ordinance would exclude all single-wide mobile homes.

Defendant Richard Crouch testified that he purchased his single-wide mobile home for $13,000 in

1981, that they could not afford a double-wide mobile home, and that the home has 924 square feet and does not meet the 22-foot minimum width requirement. He further testified that, with the exception of the three quoted conditions of said ordinance, the Crouches intend to comply with other requirements.

Defendants' first issue raised on appeal is dispositive herein. Defendants claim that Ordinance No. 41 is unconstitutional or otherwise invalid under *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981), in that the result of the ordinance is to effect a per se prohibition on all single-wide mobile homes located outside mobile-home parks. We agree. While courts are not concerned with the motives which impel a legislative body to enact laws, courts are concerned with the results of such action. *Sheffield Development Co v City of Troy,* 99 Mich App 527; 298 NW2d 23 (1980). Additionally, courts may inquire into the purpose of a zoning ordinance where discriminatory zoning is alleged. *Sheffield, supra,* p 531.

In *Robinson, supra,* p 310, the Supreme Court held:

"The per se exclusion of mobile homes from all areas not designated as mobile-home parks has no reasonable basis under the police power, and is therefore unconstitutional."

Having reviewed the record *de novo,* see *Belkin v City of Birmingham,* 87 Mich App 690; 276 NW2d 465 (1978), we find that the requirements imposed by § 2.8(A)(3), subds 1, 3, and 12, are invalid in that the result is to arbitrarily exclude single-wide mobile homes from areas outside mobile-home parks. *Robinson, supra; Brae Burn, Inc v City of Bloomfield Hills,* 350 Mich 425, 431, 432; 86

NW2d 166 (1957); *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976). Hence, defendants may proceed with the construction or installation of said mobile home on said lands.

The foregoing being dispositive, we need not address defendants' remaining allegations of error, but we have reviewed them and find them to be without merit. See 42 USC 5401 *et seq.;* MCL 24.301; MSA 3.560(201).

Reversed. No costs, a public question being involved.