PYTHAGOREAN, INC v GRAND RAPIDS TOWNSHIP

Docket No. 228628. Submitted August 7, 2002, at Grand Rapids. Decided October 22, 2002, at 9:20 A.M.

Pythagorean, Inc., brought an inverse condemnation action in the Kent Circuit Court against Grand Rapids Township after the township's board, on the recommendation of the township's planning commission, rezoned property owned by the plaintiff to a commercial classification other than that sought by the plaintiff. The court, Donald A. Johnston, J., entered a discovery order allowing the plaintiff to depose members of the township's planning commission. The township appealed by leave granted.

The Court of Appeals *held*:

The motivation of legislators who actually approve or reject zoning proposals is irrelevant to a determination of the validity of those actions. The motivation of members of a planning commission with respect to a zoning question is even less relevant to a determination of the validity of an approved zoning proposal.

Justice requires that members of the township's planning commission be protected from the annoyance and undue burden and expense of deposition discovery that has no relevance to the issues involved in the plaintiff's complaint.

Reversed and remanded for further proceedings.

ZONING — PLANNING COMMISSIONS — DISCOVERY.

The motivation of members of a township planning commission in recommending the township board's approval or denial of a rezoning request is irrelevant to the validity of the zoning decision made by the township board; a court presented with a legal challenge of the township board's decision may not order discovery relating to motivation behind the planning commission members' recommendation.

*McShane & Bowie, PLC* (by *Terry J. Mroz*) for the plaintiff.

*Varnum, Riddering, Schmidt & Howlett LLP* (by *Teresa S. Decker* and *Aaron Leal*) for the defendant.

Before: WHITBECK, C.J., and BANDSTRA and TALBOT, JJ.

BANDSTRA, J. Defendant Grand Rapids Township appeals by leave granted an order of the circuit court denying its motion for an order to block the depositions of its planning commission members. We reverse and remand.

In 1995, plaintiff filed an application with defendant to rezone plaintiff's property from an R-1 (single-family residential) to a C-1 (suburban neighborhood commercial) zoning classification. Plaintiff sought the rezoning so that it could construct a combination of offices and retail space on the property. Following a public hearing, defendant's planning commission voted to recommend that defendant's board deny the application, which the board did on October 24, 1995.

In 1996, plaintiff filed another application requesting that the property be rezoned to a planned unit development classification that would allow neighborhood commercial uses. Counsel for defendant advised that office use had been designated for the property by the master plan since 1990 and that, therefore, defending continued zoning restrictions allowing only single-family residential use would be difficult. On its own initiative, the planning commission scheduled a hearing on a proposal to rezone the property to a C-2 (suburban office use) classification and, on May 27, 1997, the commission adopted that proposal. On July 1, 1997, defendant's board adopted the planning commission's recommendation to rezone plaintiff's property from R-1 to C-2.

Plaintiff thereafter brought suit against defendant, alleging that the board had "arbitrarily, capriciously, and without substantial or material basis" denied

plaintiff's application to use the property for commercial purposes. Plaintiff also sought compensation for inverse condemnation.

During the discovery period, plaintiff sought to take deposition testimony from the members of defendant's board and planning commission in order to discover the reason behind each member's decision regarding the subject rezoning. The trial court entered an order prohibiting the depositions of board members but allowing depositions to be taken of planning commission members. Defendant appeals that portion of the trial court's order allowing deposition of its planning commission members. In doing so, defendant makes two arguments: first, that the constitutional privilege against discovery recognized by our Court in *Sheffield Development Co v Troy*, 99 Mich App 527; 298 NW2d 23 (1980), should extend beyond elected legislators, like plaintiff's board, to others involved in the legislative process, i.e., the planning commission members, and, second, that deposition discovery of the planning commission members should be disallowed as irrelevant and unduly harassing.

We will not reach constitutional issues if cases may be resolved on other grounds. *Widdoes v Detroit Public Schools*, 242 Mich App 403, 408, n 4; 619 NW2d 12 (2000). Accordingly, because we conclude that defendant is correct in arguing that the deposition discovery sought here would have been irrelevant and unduly harassing, we do not reach the constitutional question raised.

In *Sheffield, supra,* our Court noted the longstanding rule that " '[c]ourts are not concerned with motives that actuate members of a legislative body in enacting a law, . . . .' " *Id.* at 530, quoting *People v*

*Gibbs*, 186 Mich 127, 134-135; 152 NW 1053 (1915). In other words, the validity of a law has nothing to do with the motivation of the legislators who enact it; "[b]ad motives might inspire a law which appeared on its face and proved valid and beneficial, while a bad and invalid law might be, and sometimes is, passed with good intent and the best of motives." *Sheffield, supra* at 530-531; see also *People v Gardner*, 143 Mich 104, 107; 106 NW 541 (1906) (the legality of the acts of legislative or corporate bodies cannot be tested by the motives of the individual members).

Thus, the motivation of legislators who actually approve or reject zoning proposals is irrelevant to a determination of the validity of those actions. That being the case, we fail to see how the motivation of members of a planning commission with respect to a zoning question can have any relevance either. If anything, their motivation is even less relevant to a determination of the validity of an approved zoning proposal; the planning commission, acting as a zoning board, see MCL 125.331, only conducts hearings for the purposes of a recommendation to the township board, which ultimately makes the final decision. See MCL 125.277, 125.284.

Plaintiff focuses on dicta from the *Sheffield* opinion that "[m]otive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint." *Sheffield, supra* at 531. Without considering whether that is a correct statement of the law,[1] we note that defendant correctly

---

[1] The statement is made without any citation of Michigan authority. Moreover, it seems inconsistent with the reasoning behind the holding in *Sheffield* that the motivation of legislators is irrelevant to a determination of the validity of an enacted law. *Id.* at 530-531. Perhaps the statement may be correct, but only in a limited context, where civil or criminal sanc-

points out that no such allegation of abuse of office has been made with respect to the planning commission members at issue here. All that is alleged, which defendant readily acknowledges, is that the planning commission acted on the advice of township counsel in recommending that property be rezoned from an R-1 classification to better comply with the master plan. That certainly does not evidence any bad faith on the part of the commission members. Neither does their action in recommending a C-2 classification for the property rather than the C-1 classification sought by plaintiff.

Plaintiff has simply come forward with no argument by which we could conclude that the motivation or thought processes of the planning commission members in making their recommendation to the board might be relevant or might reasonably be calculated to lead to the discovery of any relevant evidence. See MCR 2.302(B)(1). Further, we note that the planning commission members are volunteers who willingly give of their time and efforts for the good of the community. Justice requires that they be protected from the annoyance and undue burden and expense of deposition discovery that has no relevance to the issues involved in plaintiff's complaint. See MCR 2.302(C).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

tions are sought against legislative members who act in violation of the public trust, as a result of bribery, personal interest, and so forth, rather than in an action challenging the validity of the enacted law.