HOMER TOWNSHIP v BILLBOARDS BY JOHNSON, INC

Docket No. 256216. Submitted October 12, 2005, at Lansing. Decided
October 27, 2005, at 9:10 a.m. Leave to appeal sought.

Homer Township brought an action in the Midland Circuit Court
against Billboards by Johnson, Inc., seeking to have the second
side of a two-sided billboard removed. The plaintiff contended that
the second side violated an ordinance that prohibits two-sided
billboards and an ordinance that prohibits new off-premises bill-
boards. The defendant had added the second side to a billboard for
which it had a permit and had sought a variance from the
ordinance banning new off-premises billboards, but had not
sought a variance from the ordinance banning two-sided bill-
boards. The defendant filed a counterclaim against the plaintiff,
contending that the ordinances are preempted by the Highway
Advertising Act (HAA), MCL 252.301 *et seq.* The court, Thomas L.
Ludington, J., granted partial summary disposition for the plain-
tiff, ruling that the defendant had standing to challenge the
ordinances, but the ordinances are not preempted by the HAA.
The defendant appealed by leave granted from the grant of partial
summary disposition, and the plaintiff cross-appealed the circuit
court's ruling that the defendant had standing to challenge the
ordinances.

The Court of Appeals *held*:

1. The circuit court correctly determined that the HAA does
not preempt the challenged township ordinances. The HAA ex-
pressly occupies the whole field of regulation and control of
off-premises billboards, but only precludes local regulation of signs
with regard to size, lighting, and spacing in adjacent areas of
interstate highways, freeways, or primary highways where the
face of the sign is visible from those highways. The plaintiff's
ordinances fall outside the scope of the intended preemption in the
HAA and do not conflict with the regulatory scheme of the HAA.
Furthermore, the ban on new billboards is not a total ban and is,
for that reason, permissible.

2. Because the defendant did not seek a variance from the
two-sided billboard ordinance before its construction of the second

side, the circuit court erred in deciding that the defendant had standing to challenge that ordinance. The circuit court correctly determined that the defendant applied for a variance under the ordinance banning new off-premises billboards, so the defendant had standing to challenge the ordinance limiting new billboards.

Affirmed in part, reversed in part, and remanded for further proceedings.

HIGHWAYS — HIGHWAY ADVERTISING ACT — LOCAL ORDINANCES — PREEMPTION.

The Highway Advertising Act occupies the whole field of regulation and control of off-premises billboards in areas adjacent to and visible from an interstate highway, freeway, or primary highway and relating to size, lighting, and spacing; the act does not preempt local governments from regulating attributes not relating to size, lighting, and spacing in those adjacent areas; local ordinances may be more restrictive than the act (MCL 252.301 *et seq.*).

*Currie Kendall, PLC* (by *Peter A. Poznak*), for the plaintiff.

*Terry E. Heiss* for the defendant.

Before: KELLY, P.J., and METER and DAVIS, JJ.

DAVIS, J. In this interlocutory appeal, we granted defendant leave to appeal a partial grant of summary disposition, in which the trial court held that the Highway Advertising Act (HAA), MCL 252.301 *et seq.*, did not preempt two of plaintiff's billboard ordinances. One ordinance prohibited "cross-reader" billboards, which are two-sided billboards displaying advertising to highway traffic traveling in both directions. Defendant added a second face to an existing billboard, contrary to the permit issued by plaintiff, in the belief that plaintiff's ban on cross-reader billboards violated the HAA. Plaintiff later enacted the second ordinance, which prohibited new off-premises billboards. Plaintiff seeks an injunction requiring removal of the second billboard face and its associated structural components. On cross-

appeal, plaintiff also contends that defendant lacks standing to challenge the ordinances. We affirm in part, reverse in part, and remand for further proceedings.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We review de novo issues involving preemption, which involve statutory interpretation. *Konynenbelt v Flagstar Bank, FSB*, 242 Mich App 21, 27; 617 NW2d 706 (2000). The goal of statutory interpretation is to give effect to the intent of the Legislature, with the presumption that unambiguous language should be enforced as written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003).

"[A] municipal ordinance is preempted by state law if 1) the statute completely occupies the field that ordinance attempts to regulate, or 2) the ordinance directly conflicts with a state statute." *Rental Prop Owners Ass'n of Kent Co v Grand Rapids*, 455 Mich 246, 257; 566 NW2d 514 (1997). MCL 252.304 explicitly states that the HAA "regulates and controls the size, lighting, and spacing of signs and sign structures in adjacent areas and occupies the whole field of that regulation and control," with four enumerated exceptions, one of which permits townships to "enact ordinances to regulate and control the size, lighting, and spacing of signs and sign structures" as long as doing so does not allow a sign otherwise prohibited by the HAA. Under MCL 252.302(o), an "adjacent area" is "the area measured from the nearest edge of the right of way of an interstate highway, freeway, or primary highway, and extending 3,000 feet perpendicularly and then along a line parallel to the right-of-way line."

We have held that the HAA expressly occupies the whole field of regulation and control of off-premises billboards, but only precluded local regulation of signs in adjacent areas "where the facing of the sign is visible from an interstate highway, freeway or primary highway." *Dingeman Advertising, Inc v Saginaw Twp*, 92 Mich App 735, 740-741; 285 NW2d 440 (1979). However, we later noted that a closer reading of the HAA indicates "that preemption extends only to the area of regulation, which is, size, lighting and spacing in adjacent areas," so the HAA "does not pre-empt local governments from regulating areas unrelated to spacing, lighting and size of signs in adjacent areas." *Central Advertising Co v St Joseph Twp*, 125 Mich App 548, 552; 337 NW2d 15 (1983). Accord *Oshtemo Twp v Central Advertising Co*, 125 Mich App 538, 542; 336 NW2d 823 (1983).

This plain and unambiguous language of the opening sentence of MCL 252.304 mandates the conclusion we reached in *Central Advertising Co*. Under the last antecedent rule, *"that* regulation and control" must refer to "regulat[ing] and control[ing] the size, lighting, and spacing of signs and sign structures in adjacent areas." See *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002) ("[A] modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation."). We enforce the plain and unambiguous language of the statute as it is written. *Gladych, supra* at 597.

The ordinances at issue fall outside the scope of the intended preemption in the HAA and do not conflict with the HAA's regulatory scheme. The two ordinances prohibit cross-reader signs and new off-premises bill-

boards, respectively. Neither facially regulates size, lighting, or spacing of billboards in adjacent areas. Furthermore, the HAA's prohibition against ordinances allowing signs that are "otherwise prohibited" constitutes a prohibition against *expanding* uses. It follows that the HAA sets forth minimum requirements that a township cannot fall below, but that a township is free to exceed. Thus, the township may enact ordinances that are more restrictive than required by the HAA. Therefore, the ordinances are both outside the scope of the HAA's regulatory scheme and would in any event be permitted under an explicit exception. Furthermore, plaintiff's ban on new billboards is not a *total* ban and is therefore permissible. *Adams Outdoor Advertising, Inc v Holland*, 463 Mich 675, 684-685; 625 NW2d 377 (2001).

On cross-appeal, plaintiff argues that defendant lacks standing to challenge the ordinances. We agree in part. Standing is a question of law that we review de novo. *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 734; 629 NW2d 900 (2001). In order to have standing, a party must show an actual injury that is caused by the opposing party and is " 'likely' " to "be 'redressed by a favorable decision.' " *Id.* at 739, quoting *Lujan v Defenders of Wildlife*, 504 US 555, 561; 112 S Ct 2130; 119 L Ed 2d 351 (1992).

The trial court erroneously stated that plaintiff had not challenged defendant's standing to contest the ban on cross-reader billboards. However, defendant did not seek a variance from the cross-reader billboard ban when plaintiff denied it a permit to put the second face on the sign structure. Instead, defendant installed the second sign face and only sought a variance after plaintiff had amended the ordinance to prohibit new billboards. Therefore, because defendant revised its

building permit request to seek a single-sign permit and because defendant never sought a variance allowing the cross-reader billboard to be installed until after the ordinance had been completely revised, the court erred in finding that defendant had standing to challenge the ban on cross-reader billboards. However, defendant apparently did apply for a variance that was denied because of the amended ordinance, so the trial court did not err in finding that defendant had standing to challenge the revised billboard ordinance.

The trial court declined to address plaintiff's argument that its billboard ordinances are valid as a matter of law under *Cincinnati v Discovery Network, Inc*, 507 US 410; 113 S Ct 1505; 123 L Ed 2d 99 (1993), and *Rochester Hills v Schultz*, 459 Mich 486; 592 NW2d 69 (1999). We need not address the issue either, *Grand Rapids Employees Independent Union v Grand Rapids*, 235 Mich App 398, 409; 597 NW2d 284 (1999), especially where this appeal can be decided without reaching constitutional issues. *Pythagorean, Inc v Grand Rapids Twp*, 253 Mich App 525, 527; 656 NW2d 212 (2002). We likewise decline to address the issue.

The trial court's conclusion that the HAA does not preempt the ordinances is affirmed. The trial court's finding that defendant had standing to challenge the cross-reader billboard ban is reversed, and the trial court's finding that defendant had standing to challenge the revised ordinance is affirmed. We remand for further proceedings.