PEOPLE v GADOMSKI

Docket No. 268568. Submitted December 13, 2006, at Detroit. Decided February 1, 2007, at 9:05 a.m.

Anthony R. Gadomski was charged in the Sanilac Circuit Court with one count of safe breaking, MCL 750.531; one count of conspiracy to commit safe breaking, MCL 750.157a; one count of second-degree home invasion, MCL 750.110a(3); and one count of conspiracy to commit home invasion, MCL 750.157a, in connection with the removal from a residence of a safe containing cash. Before the charges were filed, the prosecutor filed subpoenas for the defendant's credit report and records of his transactions at a retail store and two pawnshops, and also sought records from a pay phone from which a call was made to the victim's house. The defendant filed a motion to suppress evidence obtained through the subpoenas on the ground that they did not comply with MCL 767A.3, which governs investigative subpoenas. The circuit court, Donald A. Teeple, J., granted the defendant's motion to suppress the evidence, and the prosecutor appealed by leave granted.

The Court of Appeals *held*:

1. The defendant lacks standing to challenge on constitutional grounds the admission of subpoenaed business and phone records that were obtained from third parties, because the defendant has no reasonable expectation of privacy in that information.

2. The trial court erred in excluding the subpoenaed evidence on the ground that the prosecution did not comply with the statutory provision governing investigative subpoenas because the exclusionary rule does not apply to statutory violations unless the Legislature has so provided, which it has not done in this case. The provision allows only the person at whom the subpoena was directed to challenge it, and the statutory rights afforded a person in the defendant's position are limited to certain discovery rights after criminal charges have been filed.

3. This case is not controlled by the federal Right to Financial Privacy Act (RFPA), 12 USC 3401 *et seq.*, which regulates the circumstances under which the federal government may access a customer's banking records, because there was no federal involvement in the issuance or execution of the subpoenas at issue. The

trial court erred in concluding that the Legislature intended to protect financial records consistently with the RFPA when it enacted the provision regulating investigative subpoenas because that provision makes no mention of the RFPA or of financial records.

Reversed.

1. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — SUBPOENAS — STANDING.

A person lacks standing to challenge on constitutional grounds the admission of subpoenaed business and phone records that were obtained from third parties, because a person has no reasonable expectation of privacy in that information.

2. SEARCHES AND SEIZURES — INVESTIGATIVE SUBPOENAS — EVIDENCE — EXCLU-SIONARY RULE.

The statute that regulates investigative subpoenas does not provide that the remedies for noncompliance with its requirements include the exclusion of evidence obtained pursuant to the subpoenas (MCL 767A.1 *et seq.*).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *James V. Young*, Prosecuting Attorney, and *Brenda S. Sanford*, Chief Assistant Prosecuting Attorney, for the people.

*Van Norman & Associates, PC* (by *Daniel G. Van Norman*), for the defendant.

Before: ZAHRA, P.J., and CAVANAGH and SCHUETTE, JJ.

PER CURIAM. The prosecution appeals by leave granted the circuit court's order granting defendant's motion to suppress evidence. The significant issues in this case are (1) whether defendant has standing to challenge the admission of business records that were held by third parties and obtained through improperly issued subpoenas; and (2) whether the exclusionary rule should nonetheless be applied to suppress evidence obtained in violation of the statute authorizing the issuance of subpoenas, MCL 767A.1 *et seq*. We hold that

defendant lacks standing to challenge the admission of business records held by third parties because he has no reasonable expectation of privacy in the records, and that a failure to comply with MCL 767A.1 *et seq.*, does not require the exclusion of evidence. We reverse.

I. BASIC FACTS AND PROCEEDINGS

The prosecution charged defendant as a third-offense habitual offender with one count of safe breaking, MCL 750.531; one count of conspiracy to commit safe breaking, MCL 750.157a; one count of second-degree home invasion, MCL 750.110a(3); and one count of conspiracy to commit home invasion, MCL 750.157a.[1] Plaintiff alleged that defendant and his accomplice, James Earls, broke into a dwelling and removed a safe that contained a large sum of cash. The victim kept the safe in his office, which was in a building that also had a residence that he rented to a tenant.

The tenant testified that she had left her residence from 4:30 p.m. to 9:30 p.m. on October 31, 2004, to take her children trick-or-treating. She returned to find that someone had called her phone from a pay phone. Police later identified the number listed on the caller-ID as a pay phone at "Mr. Chips," a gas station located approximately 1.3 miles from her home. A surveillance video from the gas station showed defendant and Earls at the gas station when the call was made. The video also showed defendant returning to the area on camera from an area near the pay phone while Earls fueled his vehicle.

Before the prosecution filed charges against defendant or Earls, the prosecutor filled out and issued

---

[1] The trial court ultimately dismissed the conspiracy charges, and the prosecution does not challenge the dismissal in this appeal.

several "subpoenas," primarily seeking Earls's bank records, business records, business and bank records pertaining to Earls's wife and mother, and pay phone records. Four of the subpoenas sought information about defendant, including his credit report and his transactions with a retail store and two pawnshops. The subpoenas were filled out on State Court Administrative Office (SCAO) forms that provided spaces for a plaintiff and a defendant, which were left blank, and a space for the charge, which was filled out to indicate that each subpoena was for a ending criminal investigation. Each form indicated in bold capital letters near the signature line, "Failure to obey the commands of the subpoena or appear at the stated time and place may subject you to penalty for contempt of court."

Earls filed a motion to suppress evidence obtained through the subpoenas. He claimed that because no charges had been filed against him at the time the subpoenas were issued, the subpoenas did not comply with MCL 767A.3, the statutory provision permitting investigative subpoenas, i.e., subpoenas issued without criminal charges having being filed. The circuit court agreed that "no basis in law exists to support the issuance of these subpoenas." The circuit court indicated that if the prosecution had complied with MCL 767A.3, defendant could have challenged or even litigated the subpoena requests because MCL 767A.1 *et seq.* afford defendant an opportunity to be heard before the subpoena is issued. In regard to whether the evidence obtained through the subpoenas should be suppressed, the circuit court further held:

> This Court believes it is clear that the legislative intent in adopting [MCL 767A.2], as in the Federal Right to Privacy Act, is to preclude the government from obtaining certain financial records without first complying with the specific provisions of the statute.

* * *

[T]herefore, . . . the only meaningful remedy for this violation of statute is to suppress whatever information was obtained pursuant to these subpoenas. To do otherwise would make the constraint of § 767A.2 meaningless.

Defendant subsequently filed a similar motion to suppress the evidence obtained through the subpoenas, which the circuit court granted.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews a trial court's ruling regarding a motion to suppress for clear error. However, questions of law relevant to the suppression issue are reviewed de novo." *People v Sobczak-Obetts*, 463 Mich 687, 694; 625 NW2d 764 (2001) (citations omitted). Issues of statutory interpretation are also reviewed de novo. *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005). Whether a party has standing is a question of law that is reviewed de novo. *Homer Twp v Billboards By Johnson, Inc*, 268 Mich App 500, 504; 708 NW2d 737 (2005).

### B. THE SEARCH AND SEIZURE

The state and federal constitutional protection against unreasonable search and seizure "is personal and may only be invoked 'at the instance of one whose own protection was infringed by the search or seizure.' " *People v Zahn*, 234 Mich App 438, 446; 594 NW2d 120 (1999) (citations and internal quotations omitted). Thus, a defendant has standing to challenge a search or seizure if, "under the totality of the circumstances, he has a subjective expectation of privacy in the object of the search or seizure and the expectation of privacy is one that society is prepared to recognize as reasonable." *Id.*

Two of the subpoenas in question were directed at pawnshops and sought transaction records involving defendant. Another subpoena was directed at a retailer and sought the purchase records of defendant. The last subpoena was directed to a credit-reporting agency and sought defendant's credit report.

We conclude that, in regard to records held by third parties relating to business transactions, defendant lacks standing to challenge on constitutional grounds the admission of evidence obtained through the subpoenas. Specifically, defendant has no reasonable expectation of privacy in information that he or others had exposed to third parties, such as banks and vendors. In *United States v Miller*, 425 US 435; 96 S Ct 1619; 48 L Ed 2d 71 (1976), the United States Supreme Court held:

> The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. [*Id.* at 443 (citations omitted); see also *United States v Payner*, 447 US 727; 100 S Ct 2439; 65 L Ed 2d 468 (1980).]

Our Supreme Court, in *People v Perlos*, 436 Mich 305, 320, 329; 462 NW2d 310 (1990), quoted with approval the above excerpt from *Miller* and adopted the holding and rationale of *Miller*.

Further, in *Eyde v Eyde*, 172 Mich App 49, 56; 431 NW2d 459 (1988), this Court agreed with *Miller*, holding: "Documents containing records of depositor's accounts are business records of the bank and are not private papers of the depositor. . . . There is no legiti-

mate expectation of privacy in such bank records which would give plaintiff standing to challenge the subpoena issued to the bank." (Citations omitted.)

Here, the business records of the retail store and pawnshops are not defendant's private papers, but business records of the retail store and pawnshops. Defendant has no legitimate expectation of privacy in such records. Similarly, defendant's credit report would merely consist of information regarding transactions that defendant made with third parties.

With respect to evidence of the phone number dialed from the gas station pay phone, defendant also has no standing to challenge this evidence on constitutional grounds. In *Smith v Maryland*, 442 US 735, 742-745; 99 S Ct 2577; 61 L Ed 2d 220 (1979), the Court held that a person had no reasonable expectation of privacy in the phone numbers dialed from his or her telephone because the caller disclosed such information to the third-party telephone company. Likewise, the caller using the pay phone in this case conveyed such information to the phone company and has no standing to challenge the disclosure of that information as an unconstitutional search or seizure.

Defendant argues that Congress superseded *Miller* by enacting the Right to Financial Privacy Act (RFPA), 12 USC 3401 *et seq.*, citing *McDonough v Widnall*, 891 F Supp 1439, 1448 (D Colo, 1995). However, defendant's brief on appeal expressly acknowledges that the RFPA only prohibits *the federal government* from accessing a customer's banking records without meeting various requirements that were not met in this case.[2] None of

---

[2] 12 USC 3402 provides that with certain exceptions, "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless" certain statutory requirements are met. 12 USC

the subpoenas at issue was signed or executed by an agent of the federal government, and the RFPA is therefore inapplicable. Defendant's argument that the RFPA superseded *Miller* is without merit.

C. VIOLATION OF MCL 767A.1 *et seq.*

Defendant next argues that the exclusionary rule is the only meaningful remedy for the prosecution's violation of MCL 767A.1 *et seq.*

"[T]he drastic remedy of exclusion of evidence does not necessarily apply to a *statutory* violation. Whether the exclusionary rule should be applied to evidence seized in violation of a statute is purely a matter of legislative intent." *People v Hawkins,* 468 Mich 488, 500; 668 NW2d 602 (2003) (emphasis in original). See also *People v Anstey,* 476 Mich 436, 448-449; 719 NW2d 579 (2006).

In addressing the remedy for the prosecution's failure to comply with MCL 767A.1 *et seq.*, the trial court stated: "Had the prosecution made their request pursuant to MCL 767A.3, the defendant would have had an opportunity to challenge the issuance of a subpoena and the issue could have been litigated and determined at that time." However, MCL 767A.4(1)(a) and (f) make clear that only the person at whom the subpoena was directed can challenge the subpoena under MCL 767A.1 *et seq.* Here, the subpoenas were not directed at defendant, but at the two pawnshops, the retail store, and the credit-reporting agency. To provide defendant, who was not a recipient of the subpoena, the right to challenge its issuance would effectively read into a clear statute that which is not within the manifest intention of the Legisla-

3401(3) defines "Government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof."

ture as derived from the language of the statute itself. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). In addition, the statute identifies someone in defendant's position, i.e., someone who is subject to a criminal charge based on information obtained under MCL 767A.1 *et seq.*, and affords him or her certain discovery rights once criminal charges have been filed. MCL 767A.5(6).[3] That the Legislature expressly identified and afforded certain rights to defendant strongly indicates that it did not intend to afford defendant an additional right to challenge the subpoena.

Furthermore, and most importantly, the text of MCL 767A.1 *et seq.* does not allude to the exclusionary rule as a remedy for noncompliance.[4] Our Supreme Court has

---

[3] MCL 767A.5(6) states:

If a criminal charge is filed by the prosecuting attorney based upon information obtained pursuant to this chapter, upon the defendant's motion made not later than 21 days after the defendant is arraigned on the charge, the trial judge shall direct the prosecuting attorney to furnish to the defendant the testimony the defendant gave regarding the crime with which he or she is charged and may direct the prosecuting attorney to furnish to the defendant the testimony any witness who will testify at the trial gave the prosecuting attorney pursuant to this chapter regarding that crime except those portions that are irrelevant or immaterial, or that are excluded for other good cause shown. If the defendant requests the testimony of a witness pursuant to this section and the trial judge directs the prosecuting attorney to furnish to the defendant a copy of that witness's testimony, the prosecuting attorney shall furnish a copy of the testimony not later than 14 days before trial. If the prosecuting attorney fails or refuses to furnish a copy of the testimony to the defendant pursuant to this subsection, the prosecuting attorney may be barred from calling that witness to testify at the defendant's trial.

[4] We note that MCL 768.21 provides an example of a statute that requires that evidence be excluded for noncompliance. Specifically, MCL 768.21 provides that "[i]f the defendant fails to file and serve the written

expressly "decline[d] to expand the use of [the exclu-sionary] rule in the absence of an explicit constitutional or legislative requirement."[5] *Hawkins, supra* at 500 n 9. Here, MCL 767A.1 *et seq.* do not contain an explicit legislative requirement that evidence obtained from noncompliant subpoenas must be excluded, and we decline to expand the use of the exclusionary rule to do so. For similar reasons, we reject the trial court's conclusion that the Legislature, in enacting MCL 767A.1 *et seq.*, intended to protect financial records consistently with the FRPA. MCL 767A.1 *et seq.* do not refer to either the FRPA or financial records. Therefore, we conclude that the trial court erred in applying the exclusionary rule to remedy a violation of MCL 767A.1 *et seq.*

We reverse.[6]

---

notice . . . the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi or the insanity of the defendant."

[5] In doing so, our Supreme Court explained:

> The exclusionary rule is particularly harsh in that it is neither narrowly tailored nor discerning of the magnitude of the error it is intended to deter. By taking no cognizance of the effect of a police error upon a particular defendant, or of the actual guilt or innocence of a defendant, the exclusionary rule lacks proportion-ality. *Hawkins, supra* at 500 n 9.

[6] We are aware that the disposition of this appeal is not consistent with the disposition of an appeal relating to defendant's accomplice, Earls. In *People v Earls*, unpublished opinion per curiam of the Court of Appeals, issued October 3, 2006 (Docket No. 267976), a panel of this Court affirmed the trial court's order excluding evidence obtained in violation of MCL 767A.2 *et seq.* Of course, we need not follow *Earls* because "[a]n unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1). We note that, following this Court's disposi-tion of *Earls*, the prosecution filed an application for leave to appeal in our Supreme Court, which is currently pending. Accordingly, we do not express any opinion with regard to how the instant case may affect *Earls*, and leave the parties to address the issues raised before our Supreme Court.